OPINION OF THE COURT
Melvin D. Glass, J.
This case is before this court for decision on a series of motions by the defendant for a bill of particulars, a hearing on a motion to suppress physical evidence, and a motion to preclude the District Attorney from introducing evidence for failure to comply with a previously submitted demand for discovery.
FINDINGS OF FACT
The defendant, Brian Webb, was arrested on September 13, 1980, and arraigned on September 14, 1980 upon a felony complaint charging criminal possession of a controlled substance with intent to sell (Penal Law, § 220.06). A demand for discovery was served by the defense attorney upon the People at arraignment on the felony complaint. On October 7, 1980 the charge was reduced to criminal possession of a controlled substance (Penal Law, § 220.03), a misdemeanor, and the felony complaint was thereupon reduced to a misdemeanor information.
*663 The attorney for the defendant in the instant motion seeks preclusion of the People from presenting evidence for failure to comply with the demand served on September 14, 1980.
CONCLUSIONS OF LAW
The sanction of preclusion is included in a list of available remedies regarding discovery on demand in CPL 240.70. Discovery on demand is permitted only where a defendant is being prosecuted by “an indictment, superior court information, prosecutor’s information or information”. (CPL 240.20, subd 1.) There is no provision for discovery upon a felony complaint or a misdemeanor complaint. This is in keeping with the legislative philosophy of prosecuting only upon nonhearsay allegations of fact, and limiting the use of hearsay complaints to court arraignment and temporary control over the defendant’s person for a given period solely on the basis of reasonable cause. (See CPL 170.65, subd 1.)
The service of a demand for discovery upon a felony complaint, therefore, constitutes a nullity. In addition to the legislative" philosophy discussed above, there are practical reasons for such a result. Frequently, the charges and the gravamen of a complaint are altered during the progress of a case from arraignment in criminal court to consideration by a Judge at a hearing, consideration by the Grand Jury, and eventual readiness for trial in the form of an indictment or information. As such, the items initially requested by a demand on a felony complaint may no longer be relevant after indictment or conversion to a misdemeanor information. Neither the defendant nor the People should be locked into responses to a demand not framed in accordance with the finalized charges before a trial court.
The attorney for the defendant suggests that the demand be given effect from the date it was served upon the felony complaint. That is clearly barred by CPL 240.20 (subd 1). An alternative method, granting automatic effect to the demand from the date of the conversion to an information, is not appropriate, because the charges frequently are dissimilar after conversion, particularly when the conversion *664 is from felony complaint to misdemeanor information. The appropriate method resulting in the least confusion for all parties is to serve a demand upon the People at the time an information is first filed, and to run the time for compliance from that date.
In the instant case, preclusion does not lie. The first clear indication by the defense attorney that he wishes to have his demand considered on the reduced charges is upon the filing of this motion on October 23, 1980. It would be inequitable, therefore, to hold the People liable for compliance with a demand they are entitled to ignore by statute.
However, the People are directed to comply with the order annexed hereto granting a bill of particulars and discovery and granting a hearing on the motion to suppress physical evidence.