OPINION OF THE COURT
Muriel Hubsher, J.
This is a motion to dismiss pursuant to CPL 30.30 "speedy trial” requirements. The salient issue is whether service on the People of a demand to produce, pursuant to CPL 240.20, automatically tolls speedy trial time.
Defendant Brooks was arrested and appeared in court on December 13, 1987. The felony complaint was reduced on that date to misdemeanor charges of assault in the third degree and resisting arrest. On the adjourned date, February 2, 1988, the People filed one of the two necessary corroborating affidavits. On the next adjourned date, March 10, no additional corroborating affidavit was forthcoming and the matter was adjourned to April 19, 1988. Despite the fact that the accusa *173 tory instrument was not yet an information, on March 8, 1988 the defendant, by his attorney, served the People with a demand to produce, pursuant to CPL 240.20.
On March 14, 1988 the second corroborating affidavit was served on the defendant together with a statement of readiness. However, this was done after 90 days had lapsed from the arraignment of defendant on the misdemeanor complaint.
The People, relying on CPL 30.30 (4) (a) oppose the instant motion, and argue that the speedy trial time was tolled on March 8 with the service by defendant of the demand to produce.
CPL 30.30 (4) (a) provides for time exclusions under the following circumstance: "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court”. The service of a demand to produce is clearly one of the contemplated proceedings that triggers a tolling of speedy trial time. However, a careful reading of CPL 240.20, the statute enabling a defendant to demand disclosure from the prosecutor, reveals that a demand to produce may be made only when "an indictment, superior court information, prosecutor’s information, information or simplified information charging a misdemeanor is pending” (emphasis added).
The complaint in the instant case had not yet been converted to an information when the defendant served the demand to produce.
Since there is no statutory provision for discovery on a complaint (felony or misdemeanor) (see, People v Arturo, 122 Misc 2d 1058; People v Webb, 105 Misc 2d 660, 661) the demand for discovery served on March 8, 1988 must be deemed a nullity. Obviously the People are not required to respond to a nullity and therefore cannot claim that a period of delay resulted from the need to produce the items demanded by defendant (CPL 30.30 [4] [a]). The prosecutor’s obligation to go forward with efforts to be ready for trial were and are still in force. The People’s delay in allowing 93 days to lapse before serving the final corroborating affidavit mandates a dismissal.
Accordingly defendant’s motion is granted.