OPINION OF THE COURT
Joseph Fisch, J.
Defendant stands indicted for the crimes of attempted murder in the second degree and related offenses based on allegations that on July 25, 1992, at about 10:35 p.m. he appeared at the apartment he formerly shared with his estranged wife (the complainant), fired shots at her, and fled. Defense counsel has moved for a court order directing the District Attorney to grant a defense investigator access to complainant’s apart *948 ment, a private residence, for the purpose of photographing, taking measurements, and making observations of the former crime scene. In his memorandum of law, defense counsel argues that since CPL 240.10 (3) defines property subject to discovery as any existing tangible personal or real property, he has the right to inspect and photograph the complainant’s apartment under Brady v Maryland (373 US 83 [1963]) which requires the prosecution to disclose any material exculpatory evidence in the possession or control of the government. Defense counsel contends that only with a court order permitting him access for this purpose will he be able to adequately protect his client’s right to discovery and introduction of exculpatory evidence. The People responded that such premises are not under their control and that the complainant is simply their witness. The People further contend that there exists no legal authority for such a court order. The court has appointed an attorney to represent the complainant, having found that such premises are not under the control of the District Attorney.
Since filing his original motion, counsel has notified the court, the People, and counsel for the complainant that he now is in receipt of the crime scene reports and photographs since furnished by the People and he "may be able to narrow the purpose for which access (to the complainant’s apartment) is required”. However, defendant has not asserted what additional relevant information could be obtained only by his investigator’s entry into complainant’s apartment. The complainant, by her attorney, has vigorously opposed such entry.
The court finds, first, that counsel’s reliance on Brady (supra) is inappropriate, but that the right to compulsory process raises a colorable claim. The constitutional right to compulsory process gives a defendant a right to compel discovery from a private third party if justification exists which would outweigh the rights and legitimate interests of the third party. (Chambers v Mississippi, 410 US 284 [1973]; see also, People v Chambers, 134 Misc 2d 688 [Sup Ct, NY County 1987], citing People v Heller, 126 Misc 2d 575 [Sup Ct, Kings County 1984]; People v Harte, 99 Misc 2d 86 [Sup Ct, Bronx County 1979].)
The question presented is whether the defendant’s claimed due process right of access to the complainant’s private residence (the former crime scene) for the purpose of discovery to prepare his defense outweighs the complainant’s constitutional right of privacy in her residence.
*949 The court’s research reveals no reported New York decisions factually on point. However, cases in four other jurisdictions have been found which involve a defense motion for a court order to inspect a private residence which is also a former crime scene.[1]
In an Illinois case, People v Poole (123 Ill App 3d 375, 462 NE2d 810 [4th Dist 1984]), defendant was convicted of burglary. The only identifying witness was the homeowners’ 10-year-old daughter, whose bedroom the intruder had entered before her screams caused him to flee. After observing a police-arranged photographic array the morning after the incident, she identified defendant’s photograph as that of the man who had entered her bedroom. At trial she likewise identified defendant as the intruder. In Poole, the defendant contended on appeal that his constitutional right to present a defense (Chambers v Mississippi, supra) was impaired by the trial court’s refusal to grant his trial counsel access to the bedroom of the identifying witness to take photographs during nighttime. Trial counsel had contended that such photographs would aid the jury in determining whether there was sufficient lighting in the bedroom to enable a witness to make an identification. The State responded that a photograph could not duplicate conditions at the time of the offense (in fact the bedroom had been repainted and the furniture moved since the crime) and that any photograph would mislead rather than help the jury. The court in Poole (supra) found, inter alla, that authority supports "the exclusion of photographs which (1) could reflect upon the ability of a witness to see a crime and (2) were taken under circumstances sufficiently different from those existing when the witness allegedly viewed the crime and which might, therefore, mislead rather than assist the jury. (People v Rolon (1979) * * * 390 N.E.2d 107; People v Schwing (1971) * * * 272 N.E.2d 779.)” (People v Poole, supra, 123 Ill App 3d, at 379, 462 NE2d, at 813.) The court went on to hold that: (1) many factors would have affected the lighting in the bedroom, including weather, environmental conditions, and the fullness of the moon; (2) there existed no proof that a photograph could be taken which could accurately depict nighttime lighting conditions; (3) the particular level of light present in the room at the time of the incident was highly evanescent evidence; (4) the ability of the eye to adjust to light levels varies with the individual and *950 could not be shown in a photograph; and finally, (5) the photographs were sought as impeaching evidence and therefore properly excluded. There was no compelling reason to invade the private residence since the photographs would not be admissible because of insufficient reliability.
A similar result was reached in California, in Bullen v Superior Ct. (De Urioste) (204 Cal App 3d 22, 251 Cal Rptr 32 [3d Dist 1988]). In Bullen the court issued a "writ of mandate” directing respondent superior court to vacate an order compelling the widow of the murder victim to grant access to her home, the former crime scene, to two defense attorneys and two defense investigators for the purpose of inspecting, photographing and measuring the premises. The California Appellate Court issued its order vacating the lower court’s order on the petition of the District Attorney. Defense counsel objected to the District Attorney’s standing to represent a third party in a discovery action in a criminal proceeding.
The Bullen court first found that it could entertain the District Attorney’s petition since the defendant demonstrated no prejudice, but that from that point the District Attorney was recused and the homeowner’s appearance was "proprio persona”. (Bullen v Superior Ct. [De Urioste], supra, 204 Cal App 3d, at 25, 251 Cal Rptr, at 33.) The court then ruled that defendant had failed to make an adequate showing of his need to inspect the subject premises. The court noted that 61 photographs, 4 detailed diagrams, and 15 pages of reports relating to the police investigation of the crime scene had already been provided to defendant through discovery.
The court stated: " 'To generalize on the law of criminal discovery, an accused’s motion for discovery must be timely, must describe the information sought with reasonable specificity, and must present a plausible justification for production of the items requested. [Citations.] Although the accused need not demonstrate the admissibility at trial of all requested items, his showing must be more than speculative and must indicate that the requested information will facilitate ascertainment of the facts and promote a fair trial. [Citations.] Disposition of the motion lies within the sound discretion of the trial court, which must balance the value to the accused of the information sought against the legitimate interests of others. [Citations.]’ ” (Bullen v Superior Ct. [De Urioste], supra, 204 Cal App 3d, at 25, 251 Cal Rptr, at 33, quoting Reyes v Municipal Ct., 117 Cal App 3d 771, 775, 173 Cal Rptr 48 [1981].)
*951 While ordinarily a defendant may be entitled to pretrial knowledge that would reasonably assist the defense, a third party’s constitutional rights must be protected to assure that the seizure which the defendant’s discovery would entail would be constitutionally reasonable.
In State ex rel. Beach v Norblad (308 Ore 429, 781 P2d 349 [1989]), the Oregon appellate court found that the lower court had no authority to order the widow of the murder victim to grant access to her home, the crime scene, to the defense attorneys and an investigator for a limited period of time, but noted that the record was sparse, limited its holding to “this stage of the proceedings” and “expressed] no opinion as to the efficacy of the order with respect to the State of Oregon or the Marion County District Attorney”. (State ex rel. Beach v Norblad, supra, 308 Ore, at 432, 781 P2d, at 350.)
Only one jurisdiction, Minnesota, has approved access to a private home that was a crime scene, the control of which was returned to the victim’s family at the time the defendant sought discovery. The appellate court found that under the particular factual circumstances of that case the trial court did not abuse its discretion. However, the matter was remanded for appropriate amendments of the discovery order restricting the time, place and manner of discovery. (State v Lee, 461 NW2d 245 [Ct App, Minn 1990].)
In the case at bar defendant is in receipt of crime scene photographs and related crime reports. The court has examined the photographs and defense counsel does not contend that they do not accurately depict the crime scene. Indeed, counsel is in a unique position in this case, because unlike the defendants in Poole (supra) and Bullen (supra) defendant lived for a time at the apartment which is the crime scene. Unless defense counsel can make a prima facie showing how his proposed inspection and observation would be relevant and material to his defense, the defendant’s right to prepare his defense cannot outweigh the victim’s constitutional right to privacy. So far, the defendant has only supported his demand for a court order authorizing an invasion of the victim’s privacy with a speculative showing. He has not alleged that his proposed inspection would yield any information different from that already received from the photographs and crime scene reports furnished.
The court’s research reveals no New York case law involving a motion for discovery of a private residence which is also *952 a crime scene. However, New York has an analogous body of decisional law applying the principle that the discovery rights of a defendant must be balanced against the rights of third parties. In People v Chambers (134 Misc 2d 688 [Sup Ct, NY County 1987]), the trial court inspected the murder victim’s diary in camera, after obtaining it from the victim’s father’s attorney. At one point, the diary had been in possession of the District Attorney but had been returned by the time defense counsel sought access. The court found that the defense had made no showing that it was reasonably likely that the diary contained evidence or potential evidence. The court examined the diary and found no relevant, admissible evidence, and nothing required to be disclosed under any constitutional or statutory provision. And, in People v Nelson (151 Misc 2d 951 [Sup Ct, Kings County 1991]), the court refused to order the taking of blood and saliva from the victim in a case where the rape defendant was arrested sleeping in the complainant’s bed and made admissions. The court found that since the People did not intend to present any scientific evidence at trial, defendant’s proposed discovery was neither relevant nor material.[2] The court noted that the defense would of course be available to cross-examine the People’s witnesses concerning the lack of scientific testing.
Similarly in Johnson v Brandveen (160 AD2d 668 [1st Dept 1990]) a writ of prohibition was issued upon the application of the District Attorney of Bronx County, enjoining the lower court from ordering the People to photograph the complainant and turn such photograph over to the defense. The court found no authority under CPL 240.20, nor any other theory under which such item, which then did not yet exist, constituted exculpatory evidence to be disclosed.
Based upon its examination of the case law in the area of discovery, particularly discovery of a crime scene which is a private residence, the court finds that defendant has failed to make the necessary prima facie showing that inspection of the crime scene would yield relevant material evidence, not already provided, necessary for the preparation of the defense case. The court holds that defendant has failed to demonstrate any compelling reason for access to complainant’s residence *953 sufficient to outweigh complainant’s constitutional right to privacy.
Accordingly, defendant’s application is denied, with leave granted to defendant to renew his application upon further specific factual showing.

. Illinois, California, Minnesota and Oregon.

. But see People v Trocchio (107 Misc 2d 610 [1980]) where the prosecution intended to introduce serological evidence and the court granted reciprocal "discovery” of the complainant’s blood and saliva as a condition for the prosecution’s "discovery of defendant’s blood and saliva”.