OPINION OF THE COURT
Raymond J. Elliott, III, J.
This is a motion by two of five defendants who are each and severally charged by felony complaints with rape, first degree *928 (Penal Law § 130.35), sodomy, first degree (Penal Law § 130.50 [1]), and unlawful imprisonment, first degree (Penal Law § 135.10) of the same 13-year-old female victim. Defendants Perrotti and Frank, who are juvenile offenders, have sought an order to allow their attorneys to, among other things, physically inspect, video tape, and photograph the alleged crime scene located in the bedroom of the victim’s home.
The District Attorney opposes this motion on the grounds that the North Greenbush Town Justice Court does not have jurisdiction to grant the motion and that it would be an invasion of the victim’s privacy. This motion was orally argued before the court and the parties have submitted memorandum of law in support of their respective positions.
This case has received widespread coverage in the local news media and has even received some national exposure. In their coverage of these alleged crimes, the media have headlined it a "gang rape” and have widely disseminated the names of the five youths charged. The victim’s statement to the North Greenbush Police which describes the alleged crimes and the crime scene has been published in various local newspapers. The victim and her family have been interviewed by the local media and one newspaper has even displayed a photograph of the victim’s bedroom on its front page.
The defendants are currently out on $2,500 bail having been set by the Rensselaer County Court Judge, and the preliminary hearing scheduled for April 21, 1993 has been adjourned at the request of the District Attorney without date. The District Attorney has publicly stated that she anticipates presenting these cases to a Grand Jury in the near future.
The defendants argue that in the interests of justice and fundamental fairness, they should have the opportunity to investigate the crime scene that has already been made so visible to the public. The defendants contend that they want to testify before the Grand Jury proceeding and that an investigation of the crime scene would enable them to give more accurate testimony.
The court cannot reach a decision on the merits of the defendants’ motion unless it first determines that it has jurisdiction to hear the motion. The jurisdictional limits of the North Greenbush Town Justice Court are set by the New York State CPL. CPL 10.30 provides that local criminal courts have trial jurisdiction of all offenses other then felonies and *929 preliminary jurisdiction of all offenses subject to divestiture in any particular case by superior courts and their Grand Juries. One issue to be resolved by the court is what is the extent of its "preliminary jurisdiction” over felonies.
The criminal actions against the defendants were commenced on April 17, 1993 when the felony complaints were filed in the North Greenbush Town Justice Court. CPL 100.10 (5) defines a felony complaint as: "a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more felonies. It serves as a basis for the commencement of a criminal action, but not as a basis for prosecution thereof.”
Once a felony complaint is filed in a local court, the court must act upon it pursuant to CPL article 180 which sets forth the proceedings to be had upon a felony complaint. In general, the local court has jurisdiction to arraign the defendant on the felony complaint, issue a securing order, and to conduct a preliminary hearing. CPL 180.75 specifically sets forth the local court’s jurisdiction with regard to a proceeding on a felony complaint against a juvenile offender. In addition to the other procedures already stated, the local court can at the request of the District Attorney order removal of the action against the juvenile offender to the Family Court.
Under the statutory scheme set forth in the CPL, a local court continues to have jurisdiction over a felony complaint against a juvenile offender until one of several events occurs. Either a preliminary hearing is held by the local court and the local court determines that there is reasonable cause to hold the juvenile for Grand Jury action; or after a preliminary hearing, the court dismisses the charges against the juvenile offender; or the case is removed to County Court by an indictment or superior court information, or the District Attorney motions to have the case transferred to Family Court. Since none of these events have occurred in this present case, the felony complaints against the defendants are deemed to still be pending in this Justice Court (see, People v Murphy, 154 Misc 2d 777 [where the County Court held that a felony case was still "pending” in a Town Court where the defendant had waived his right to a preliminary hearing and the case was transmitted to the County Court to be presented to a Grand Jury but the Grand Jury had not yet met]).
Having determined that the North Greenbush Justice Court has jurisdiction to hear the defendants’ motion, it must next *930 be decided what procedures, if any, can be undertaken concerning a felony complaint still "pending” in a local court. Neither the parties nor the court have been able to find a reported decision which shows a local court undertaking any proceedings on a felony complaint outside of the jurisdictional limits set forth in CPL article 180. The motion by the defendants for inspection of the crime scene can best be characterized as a motion for discovery within the purview of CPL article 240. There is no provision in article 180 for discovery proceedings on a felony complaint.
The defendants’ motion must also fail because it is brought prematurely. Throughout article 240, it is clearly stated that there can only be discovery when a defendant is facing prosecution by an indictment, superior court information, prosecutor’s information or information. There is no provision made for discovery when a criminal proceeding against a defendant is commenced by a felony complaint. (See, People v Webb, 105 Misc 2d 660; People v Arturo, 122 Misc 2d 1058; People v Brooks, 144 Misc 2d 172.)
One might hastily conclude that since this Justice Court does not have jurisdiction to grant the defendants’ motion, the defendants could then just refile this motion in Rensselaer County Court. This, however, cannot be done since the County Court does not at this stage in the proceedings have jurisdiction to hear such a motion because the cases are still "pending” in North Greenbush Justice Court. The only motion which the County Court can hear is a motion under CPL 180.75 (5) for removal of the case to Family Court. (In fact it is understood that such a motion is presently pending in Rensselaer County Court.)
Apparently, the defendants are thus left in a legal limbo or a "catch 22” with no court being able to act on their "discovery” motion. Is it reasonable to believe that the State Legislature intended such a result?
It can be argued that the State Legislature did intend such a result. One must not overlook the fact that the defendants at this present time are being charged by way of a felony complaint. A felony complaint serves only as a basis for the commencement of a criminal action and not as a basis for the prosecution of the action. Unless the District Attorney takes some steps to convert the felony complaints to an indictment, superior court information, or prosecutor’s information, the charges against the defendants will ultimately be dismissed. If *931 there does in fact come a time when the felony complaints are converted, the defendants will have all of the discovery rights available to them under CPL article 240.
There has to be a starting point in the CPL for a defendant to assert his discovery rights. The Legislature has apparently concluded that a logical starting point is after conversion of the felony complaint and not before. As pointed out in People v Arturo (supra, at 1062-1063), there are significant reasons, in the interest of judicial economy, to require conversion of the felony complaint prior to allowing discovery.
A line must be drawn somewhere. Otherwise, an extension of the defendants’ argument would be for a defendant to contend that prior to a preliminary hearing or even prior to the issuance of a felony complaint, the defendant would have the right to make discovery demands.
While the court understands the defendants’ eagerness to refute the charges against them, the court must conclude that even though it has jurisdiction to hear the defendants’ motion for inspection of the crime scene it has no jurisdiction to grant the motion. Accordingly, the defendants’ motion is hereby denied.