KLEIN, Judge.
The state seeks, by petition for writ of certiorari, to quash an order of the trial court granting defendant’s motion to photograph a portion of the inside of the home of the victim of a crime. We conclude that the ruling was not a departure from the essential requirements of law.
Defendant is charged with attempted burglary of a dwelling with intent to commit theft. The victim identified the defendant as the person she observed outside her kitchen window while she was in her kitchen. Although the victim allowed the police to photograph her house, both inside and out, she objected to more photography because she felt that it would facilitate another attempted break-in.
The trial court, finding that the area would be “material for possible cross-examination and/or impeachment purposes” granted defendant’s motion to inspect and photograph, limiting the taking of photographs to the portion of the exterior where the alleged attempted burglary took place and to that part of the interior of the kitchen from where the victim saw the defendant outside her window. The court concluded that this discovery was authorized by Florida Rule of Criminal Procedure 3.220(f) which provides: “On a showing of materiality, the court may require such other discovery to the parties as justice may require.”
The state relies on Bartlett v. Hamwi, 626 So.2d 1040 (Fla. 4th DCA 1993), in which this court quashed an order requiring a prosecution witness to have hair samples extracted from her body for testing by the defendant. Hamwi, however, as well as State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990), and State v. Drab, 546 So.2d 54 (Fla. 4th DCA 1989) all turned on the fact that the orders involved the objecting person’s body. Our decisions were grounded on a case in which our supreme court quashed a similar order, stating:
No right is held more sacred, or is more carefully guarded, by the common law, than the right of an individual to the pos *1282 session and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.
State v. Smith, 260 So.2d 489, 491 (Fla.1972).
In a case on all fours, Henshaw v. Commonwealth, 19 Va.App. 338, 461 S.E.2d 415 (1994), the court concluded that the defendant was entitled to inspect, photograph and measure the residence which was the scene of the crime, on a proper showing, because denial of the request would violate due process:
The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To insure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.
Henshaw, 451 S.E.2d at 418 (quoting United States v. Nixon, 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974)(involving federal constitutional due process)). See also People v. Nicholas, 157 Misc.2d 947, 599 N.Y.S.2d 779 (N.Y.Sup.1993); State v. Brown, 306 N.C. 151, 293 S.E.2d 569 (1982).
Although we respect this victim’s right to privacy in her home, we conclude that it is outweighed by the defendant’s right to due process here. We also conclude that where good cause has been shown for inspection of the crime scene residence, such an order would generally not constitute a departure from the essential requirements of law. We therefore deny certiorari.
STONE and PARIENTE, JJ., concur.