■ In the Matter of PHILIP KAPLAN, Petitioner, v ALBERT TOMEI et al., Respondents. [638 NYS2d 350] —Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of (1) an order of the Supreme Court, Kings County, dated December 4, 1995, which, *inter alia,* granted the application of the respondent Michael Shane Hale, the defendant in an underlying criminal action entitled "The People of the State of New York v Michael Shane Hale" under Kings County Docket No. 95K08047, to be permitted to photograph the apartment of the alleged victim of the crime, and (2) an order of the same court, dated January 12, 1996, which, *inter alia,* directed the petitioners to comply with the order dated December 4, 1995, and (3) an order of the same court dated January 16, 1996, which, *inter alia,* modified the order dated December 4, 1995, by permitting the photographing of the interior of any cabinets or closets in the apartment of the alleged victim.

Motion by the respondent Michael Shane Hale to strike the memorandum of law submitted by the District Attorney of Kings County as *amicus curiae.*

Upon the petition and the papers filed in support of the proceeding and the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that on the Court's own motion, the memorandum of law which was submitted by the District Attorney of Kings County as *amicus curiae* is accepted for filing; and it is further,

Adjudged that the petition is granted, without costs or disbursements, and enforcement of the three orders of the Supreme Court, Kings County, dated December 4, 1995, January 12, 1996 and January 16, 1996, respectively, which were issued in the criminal action is prohibited.

The extraordinary remedy of prohibition is available in cases, such as here, where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Catterson v Rohl,* 202 AD2d 420; *Matter of Hynes v Cirigli-*

*ano,* 180 AD2d 659). The respondent Hale's contentions do not require a different result. Bracken, J. P., Balletta, Thompson and Sullivan, JJ., concur.