OPINION OF THE COURT
Peter M. Leavitt, J.
The defendant, Theodore Davis, has been indicted for the crimes of murder in the second degree and criminal possession of a weapon in the second degree involving an incident which allegedly occurred in the Town of New Castle on February 21, 1996.
The defendant now moves, by omnibus motion, for various forms of relief.
MOTION FOR INSPECTION OF CRIME SCENE
Defendant seeks an order permitting counsel to inspect and photograph the alleged scene of the crimes with which he has been charged, i.e., apartment 102 at 1 Barker Street, Mount Kisco, New York (hereafter the Apartment), the area of a United States Post Office wherein defendant was placed under arrest for said crimes, and the area of the headquarters of the New Castle Police Department where defendant allegedly made an oral statement relative to said crimes.
It is uncontested that defendant owns the Apartment jointly with Ms. Eraina Jenkins — an alleged witness to the crimes— and that Ms. Jenkins continues to reside therein while defendant is incarcerated in lieu of bail. Defense counsel has been inside the Apartment on at least one occasion, but was directed to leave by an Assistant District Attorney before completing his inspection of the scene. Preliminarily, the court must confess to some confusion as to why a defendant would require judicial intervention to permit his attorney — or, for that matter, anyone — to inspect and photograph his own property, or by what authority an Assistant District Attorney could direct that attorney to cease doing so. Ms. Jenkins was the only person aside from defendant with an interest in and, therefore, the right to exclude others from the Apartment. Yet, there are no allegations that Ms. Jenkins voiced any objections to defense counsel’s presence or that counsel was engaged in any activity which would have been within the legitimate jurisdiction of the police or the Office of the District Attorney of Westchester County.
*979 As the People note, the parameters of "Discovery” are strictly defined in CPL article 240, and the inspection of an alleged crime scene by a defendant is not provided for in said statute.[1] However, CPL article 240 is concerned only with the disclosure and exchange of items and information between the parties to the action, i.e., the defendant and the prosecutor. (See, CPL 240.20 [1].) The statute does not purport to regulate the uncovering or acquisition of items or information by or between the defendant and the rest of the world. (See, People v Lafontant, Westchester County Ct, Apr. 2, 1996, LaCava, J., indictment No. 96-0311), nor does the fact that this broader process can also be described genetically as "discovery” bring it within the statute’s purview. Thus, the limitations contained within CPL article 240 are relevant only to the extent that the item or information of which "Discovery” is sought is within the possession or control of the party from whom it is sought or may, by a diligent, good-faith effort be produced by such party. (See, CPL 240.20 [2]; 240.30[2].) Conversely, if that which is sought is not within the possession or control of one of the parties to the action then the provisions of CPL article 240 have no bearing upon the process.[2]
*980 Since a "crime scene” would not be within the prosecutor’s possession or control except for the exceedingly rare occasion on which it may be alleged that the crime occurred in a District Attorney’s own offices, the inspection thereof would, for all practical purposes, never fall within the statute’s purview. Indeed, the very improbability of such a scenario may be the most likely and logical reason that "inspection of the crime scene” was omitted from the list of items and information which are "Discoverable” pursuant to CPL article 240. It is, in any event, a far more likely rationale then the theory of legislative intent to which the People subscribe, i.e., that which the District Attorney does not control cannot be "discovered”, and which, carried to its logical conclusion, could have consequences even more ludicrous and surreal then that which they propose herein.* *[3] Furthermore, a defendant’s access to inspect an alleged crime scene clearly implicates concepts of fundamental fairness (see, e.g., Henshaw v Commonwealth, 19 Va App 338, 451 SE2d 415 [1994]; State v Gonsalves, 661 So 2d 1281 [4th Dist. Ct App, Fla 1995]), and the constitutional right to compulsory process (see, People v Nicholas, 157 Misc 2d 947, 948 [Sup Ct, Bronx County 1993]). This is not to say that a criminal defendant has an absolute right of completely unfettered entree to any locale at which he is alleged to have committed a criminal act. Merely, that such access is not subject to the mandates and limitations imposed by CPL article 240. (Cf., People v Chambers, 134 Misc 2d 688, 690 [Sup Ct, NY County 1987].)
Of course, as the People note, the "innocent”, i.e., "uncharged” or "complaining” witness, owner of property also has fundamental rights and interests which must be considered. (See, People v Nicholas, supra.) Clearly, therefore, as a joint owner of the property to which defendant seeks access, Ms. Jenkins has the right to exclude defendant’s attorney from the *981 Apartment as well as the right to notice of, and to be heard in opposition to, defendant’s application for a court order directing such access. Said rights are, however, personal to Ms. Jenkins and, to date, she has not appeared before this court in pursuit of said rights, nor has any affidavit been submitted which would indicate that she wishes to do so.
Unfortunately, the People are apparently laboring under the unfounded misapprehension that by virtue of a District Attorney’s mandate and authority to prosecute those charged with crimes it appropriates to itself all the rights, privileges and status of those private citizens against whom such crimes were committed or who may be witnesses thereto. This is, however, simply not the case. (See, People v Nicholas, supra, at 948.) The People do not share, nor have they been conveyed, Ms. Jenkins’ rights in the Apartment, nor have they made any showing that she has invested in the District Attorney of Westchester County authority to pursue or protect her interests. In sum, neither the permission, acquiescence or cooperation of the District Attorney is required because the District Attorney does not have possession, control, nor any property interest in the Apartment and, to date, has not made any factual allegations based upon which the People would even have standing to oppose, or to be heard in opposition to, defense counsel’s inspection thereof. Consequently, the District Attorney lacks standing to be heard in opposition to this branch of defendant’s application and, since no affidavit or other papers indicating otherwise have been submitted in Ms. Jenkins’ behalf, it is, in essence, unopposed. Moreover, for the same reasons, the District Attorney also lacks standing to be heard in opposition to defendant’s applications to inspect a United States Post Office and the headquarters of the New Castle Police Department; and, since no papers indicating otherwise have been submitted in behalf of any entity with an interest in said premises, these applications are also essentially unopposed.
Accordingly, for all of the foregoing reasons, to the extent defendant seeks an order of this court prohibiting the District Attorney of Westchester County, or any employees or agents thereof, from interfering with defendant’s right to have his attorney inspect and photograph any of the aforementioned premises — provided, of course, that such efforts do not entail any violations of the Penal Law, United States Code or local ordinance — the application is granted. However, to the extent defendant seeks orders of this court directing the owners of the aforementioned premises to permit defense counsel to inspect *982 and. photograph said premises, the application must be, and is hereby, denied. Defendant has not filed with the court any affidavits of service, or any other proofs that notice of this application has been served upon the persons or entities entitled thereto. And just as the District Attorney is not empowered to represent the property interests of such persons or entities in these proceedings, neither can the People be charged with the responsibility to insure that they have notice thereof.
The court suggests that defense counsel first seek access by informal means, i.e., simply ask the appropriate person or entity for permission, and, if rebuffed, that he apply on notice for orders pursuant to CPLR 3120 (b). (See generally, People v Bestline Prods., 52 AD2d 17 [1st Dept 1976], revd on other grounds 41 NY2d 887 [1977]; People v Karpeles, 146 Misc 2d 53 [Crim Ct, Richmond County 1989].)[4]

. Indeed, there is no provision in the whole of the Criminal Procedure Law which permits, prohibits, or regulates the inspection of a crime scene by a defendant or a prosecutor. Despite the People’s implication to the contrary, the fact that CPL 690.05 (1) authorizes the issuance of a search warrant to— and which is, of course, not usually used in connection with, or regarded as a prerequisite to, the postindictment inspection of a crime scene by — a District Attorney, in no way evinces a legislative design to deny, by omission, a defendant the opportunity to inspect a crime scene.

. The People’s reliance upon Matter of Kaplan v Tomei (224 AD2d 530 [2d Dept 1996]) is unavailing. While the underlying determinations — the enforcement of which was prohibited in Kaplan — involved a defendant’s inspection and photography of a crime victim’s property, the appellate court’s single sentence opinion indicates only that said determinations were, "either without [the lower court’s] jurisdiction or in excess of its authorized powers” (at 530). Consequently, it provides no guidance as to whether said determinations were ultra vires because — as the People contend — they were not specifically authorized by CPL article 240, or for some other reason (e.g., Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988] [trial court’s purported dismissal on the merits when no evidence had been presented]; Matter of Catterson v Rohl, 202 AD2d 420 [2d Dept 1994] [lower court’s determinations directing early disclosure, and ordering District Attorney to create Rosario material, conflicted with express statutory provisions concerning such materials]; Matter of Hynes v Cirigliano, 180 AD2d 659 [2d Dept 1992] [disclosure of enumerated materials was not "discoverable” before indictment]); outside the lower court’s subject matter jurisdiction (see, People v Perrotti, 157 Misc 2d 927 [Just Ct 1993]); rendered without having obtained personal jurisdiction over, or in the absence of notice to, the property owner, or; all of these *980 reasons or some combination thereof. Indeed, it appears that the determinations which were reviewed in Kaplan were rendered before the defendant in the underlying criminal action had been indicted, and that the portion of the property to which they purportedly gave the defendant access was not the alleged crime scene.

. For example, a defendant’s physical appearance at a particular point in time is often relevant to a material issue in a criminal prosecution. Of course, the only way for a defendant to preserve his appearance at that moment, for use at a later stage in the proceedings, is to have a photograph of himself taken. Certainly, even the People would not argue that a defendant should be prohibited from photographing himself. Yet, that is the inevitable conclusion to which their arguments herein would lead since CPL article 240 contains no provision permitting such "Discovery”.

. There are no provisions in the Criminal Procedure Law concerning the discovery — as opposed to the subpoena of a witness or the production for use at trial of evidence in the possession of a subpoenaed person — of items or information from a person who, or an entity which, is not a party to the action. Thus, those provisions of the Civil Practice Law and Rules which are concerned with such process may be applied in a criminal action. (See, e.g., People v Radtke, 153 Misc 2d 554 [Sup Ct, Queens County 1992] [subpoena duces tecum of nonparty witness]; People v Cortez, 149 Misc 2d 886 [Crim Ct, Kings County 1990] [disobedience of a subpoena]; but see, contra, People v Silva, 122 AD2d 750 [1st Dept 1986] [which is, itself, contradictory to the opinion of the same Court in Bestline Prods., supra].)