OPINION OF THE COURT
Frank J. LaBuda, J.
Defendant, immediately prior to jury selection, made oral application for discovery of the alleged crime scene and now with permission of the court brings an order to show cause *376 (OSC) for an order granting defense counsel or her duly appointed employee access to enter, diagram and photograph the alleged crime scene pursuant to CPL 240.10 (3); 240.40 (1) (c); CPLR 3101 (a) (2), (4); due process and Brady v Maryland (373 US 83).
The District Attorney opposes said application.
Defendant was charged under indictment No. 102-99, dated June 9, 1999, with attempted rape in the first degree, two counts of sexual abuse in the first degree and endangering the welfare of a child.
All charges stem from an alleged incident at the victim’s[1] residence on May 20, 1999 at 37 Mountain View Meadows in the Town of Liberty, County of Sullivan. Said premises being real property, a single-family residence, owned by a nonparty.
Defendant argues that the need to enter the premises and procure a diagram and/or photographs of the premises are a reasonable request and material to his defense and will be used to impeach the credibility of the victim and refute the allegations of forcible compulsion.
Defendant further argues that his right of due process and his ability to confront his accuser will be severely, if not completely, limited without the use of such evidence and there is no other viable way to obtain the evidence.[2]
This application presents the novel question, to what extent can a defendant get court-ordered access to a nonparty’s private property that is the alleged scene of a crime?
Upon motion of the defendant the court in which an indictment is pending may order discovery of real property which the People intend to introduce at trial upon a showing by the defendant that such a request is reasonable and the property is material to his defense. (CPL 240.40 [1] [c].)
“Discovery” is codified under CPL article 240. Said article outlines the parameters of discovery in a criminal case.
The defendant argues that even though the entry into and inspection of a crime scene is not specified under CPL article 240 it is nonetheless authorized because the crime scene is real property and the court may order discovery of real property under CPL 240.40 (1) (c). “Property” includes any existing real estate. (CPL 240.10 [3].)
The defendant’s argument per the CPL is misdirected.
*377 The discovery statutes codified under CPL article 240 are concerned with, and demand, the exchange of information and items between the People and the defendant. (See, CPL art 240; People v Davis, 169 Misc 2d 977, 979 [Westchester County Ct 1996].)
Here the People are not in possession or control over the crime scene and have no photographs or diagrams thereof as it is private property owned by a person other than the prosecution, the defendant or the victim.
Property not within the possession and control of the People is not discoverable under CPL article 240. (People v Davis, supra, at 979; People v Chambers, 134 Misc 2d 688, 690 [Sup Ct, NY County 1987].)
Although the People were placed on notice and appeared in opposition they have no standing to object since they are not in possession and control over the property for which discovery is sought. (People v Davis, supra, at 981.)
However, this court disagrees with the Westchester County Court since the People are a party to the criminal action they have a right to be heard and put on notice for the instant application in addition to the nonparty property owner. An application of this nature ought not to preclude the People as they are a party to the action.
Through the cooperation of the District Attorney’s Office[3] the property owner appeared on the return date, was served with the OSC and was given the opportunity to be heard. The property owner was also given an opportunity to consult with counsel but declined after voicing opposition to the instant application. By this notice and procedure, this court is satisfied that the due process rights of the nonparty property owner have been safeguarded in much the same way as a neutral and detached Magistrate safeguards the due process and property rights of a party in a search warrant application before authorizing entry into private property.
The defendant has made a strong showing, based upon due process, fundamental fairness and his right to confront his accusers, that his request is reasonable and material to his defense. However, CPL article 240 is inapplicable to the instant application and this court is without authority to order the discovery requested through CPL article 240.
Query: Does the defendant have a remedy herein?
*378 Though the defendant’s request is not discoverable under CPL article 240 it is discoverable under CPLR 3120.
“There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * *
“a person who possessed a * * * defense asserted in the action * * *
“any other person upon notice stating the circumstances or reasons such disclosure is sought or required.” (CPLR 3101 [a] [2], [4].)
A person who is not a party to an action may be directed by court order to produce or permit the party seeking discovery to inspect, copy or photograph anything in the possession, custody or control of the party served with notice of such request. (CPLR 3120 [a] [1] [i]; [b].)
If anything connected to a parcel of real estate is involved in the action the party in control óf the land may be required to permit entry by an adverse party or his representative for the purposes of inspection, testing and photographing. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120:ll, C3120:12, at 601, 602.)
It is not without precedent in our system of laws that a nonparty to an action, be it criminal or civil in nature, is required to put their property rights on hold for fundamental fairness and due process. Procedures such as a subpoena for a nonparty witness, subpoena duces tecum and search warrants are just some examples of property and privacy rights being balanced.
Based upon the above, it is ordered that defendant’s attorney Shelley D. Miller or her duly appointed employee shall be permitted to enter onto the premises known as 37 Mountain View Meadows, Town of Liberty, County of Sullivan, for the purposes of diagraming and/or photographing the premises in question, and it is further ordered that said diagraming and/or photographing shall take place within a duration of 15 minutes and there shall be no conversations between the defendant’s attorney or her employee and the homeowners, and it is further ordered that the homeowners shall have the right to have a court officer or attendant present upon oral application to the court.

. The 16-year-old sister of Mrs. Miligros Bonaparte, the owner of the residence in question.

. As for example, the location of doors, hallways, phones, windows, etc.

. Assistant District Attorney Bonnie M. Mitzner secured the attendance of the homeowners, Mr. and Mrs. Bonaparte.