■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WINTERS, Appellant. [17 NYS3d 116]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 13, 2013, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court properly exercised its discretion in declining to grant what defense counsel characterized as a "long" adjournment, during trial, for the purpose of making efforts to obtain video footage allegedly depicting events that transpired im-

mediately before the events depicted on a hotel surveillance videotape introduced by the People. None of the factors discussed in *People v Foy* (32 NY2d 473 [1973]) weighed in favor of the adjournment; in particular, there was no reason to believe that the additional footage would have corroborated defendant's defense or that it was otherwise material to the case.

The court properly concluded that it lacked authority to grant defendant's request for an order permitting defense access to private premises for investigatory purposes (*see Matter of Kaplan v Tomei*, 224 AD2d 530 [2d Dept 1996]). In any event, defendant has not demonstrated that such access would have aided his defense.

The court properly received evidence of a statement made to a hotel employee. This evidence was relevant to provide background information to explain the employee's actions and his pursuit of defendant (*see People v Tosca*, 98 NY2d 660 [2002]).

Defendant failed to preserve his constitutional arguments regarding the denial of his requests for an adjournment and an access order, his claim that the court should have issued a limiting instruction regarding the statement received as background information, or any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. We also find, with regard to both the preserved and unpreserved issues, that any errors were harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

To the extent the existing record permits review, we find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.