[No. C004671. Third Dist. Aug. 29, 1988.]

DOROTHY BULLEN, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
GEORGE A. DE URIOSTE, Real Party in Interest.

### COUNSEL

John A. Dougherty, District Attorney, and Douglas R. Benham, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Benjamin A. Diaz and Diaz, Gebers & Associates for Real Party in Interest.

### OPINION

**PUGLIA, P. J.**—Petitioner, the widow of the murder victim in the underlying criminal action, seeks a writ of mandate directing respondent superior court to vacate an order compelling her to submit to defense access to her home for purposes of discovery. We shall order the writ to issue.

Real party in interest (defendant) is charged in respondent superior court with the murder of petitioner's husband. During the investigation of the crime, the police entered and examined petitioner's home, the scene of the alleged murder. Sixty-one photographs, four detailed diagrams and fifteen pages of reports relating to the police investigation of the crime scene have been made available to defendant through discovery.

Defendant moved in respondent court for an order compelling petitioner to admit his counsel and investigators to her home for further investigation. Over petitioner's objection that the requested order would constitute "a profound personal violation and an intimidating invasion of [her] privacy," respondent court granted the motion.

In relevant part the court's order reads: "The request by the defense is granted to examine the crime scene by a defense team not to exceed two

attorneys and two investigators and not to exceed ninety minutes in duration at a mutually agreeable date and time, and if there comes to be no mutually agreeable date and time, the Court will address that issue hearing from the defense as to what is the requested date and time and hearing from [petitioner's] representative as to why that is less preferable than some other date and time. [¶] The defense team is not to examine inside or look inside any drawers, doors, closets or containers except as . . . is necessary to make measurements, drawings and if necessary photographs of the crime scene, including the location of the deceased and the dimensions of the rooms and locations of evidence that were depicted in the crime report, and specifically to observe the spatial organization of the garage area, the rest of the inside of the house only as it pertains to all points of possible entry to and exit from the house, the dog house area and the outside of the house."

On June 22, 1988, the district attorney filed the instant petition on behalf of petitioner. This court stayed trial of the underlying proceeding and, after receiving opposition to the petition, advised the parties we were considering issuing a peremptory writ in the first instance. Thereafter defendant filed a return.

■ Preliminarily, we address defendant's contention that the district attorney is not authorized to represent petitioner in these proceedings. "[T]he district attorney may not prosecute civil actions in the absence of specific legislative authorization." (*In re Marriage of Brown* (1987) 189 Cal.App.3d 491, 495 [234 Cal.Rptr. 535], citing *People* v. *McKale* (1979) 25 Cal.3d 626, 632 [159 Cal.Rptr. 811, 602 P.2d 731]; *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 236 [124 Cal.Rptr. 174, 540 P.2d 14].) Petitioner and the district attorney cite no statute, and we are aware of none, authorizing the district attorney to represent a third party in discovery proceedings in a criminal action. However, defendant has not demonstrated any prejudice arising from the unauthorized representation of petitioner, and we therefore conclude that the appropriate resolution is recusal of the district attorney from further representation of petitioner in this proceeding. (See *In re Marriage of Brown, supra,* at p. 496.) Unless petitioner substitutes other counsel, her appearance in this proceeding henceforth will be in propria persona.

■ Turning to the merits, petitioner asserts that respondent court lacks fundamental jurisdiction to order defense access to her home over her objection. Resolution of this issue implicates competing fundamental interests involving petitioner's right to privacy in her own home and defendant's right to a fair trial and a defense informed by all relevant and reasonably accessible information. We need not resolve this clash of competing interests because, even assuming that respondent court had jurisdiction to make

the order in question on an adequate showing of need, defendant failed to make such a showing.

■ "To generalize on the law of criminal discovery, an accused's motion for discovery must be timely, must describe the information sought with reasonable specificity, and must present a plausible justification for production of the items requested. [Citations.] Although the accused need not demonstrate the admissibility at trial of all requested items, his showing must be more than speculative and must indicate that the requested information will facilitate ascertainment of the facts and promote a fair trial. [Citations.] Disposition of the motion lies within the sound discretion of the trial court, which must balance the value to the accused of the information sought against the legitimate interests of others. [Citations.]" (*Reyes* v. *Municipal Court* (1981) 117 Cal.App.3d 771, 775 [173 Cal.Rptr 48].)

■ Hence, "[a]n accused . . . is not entitled to inspect material as a matter of right without regard to the adverse effects of disclosure and without a prior showing of good cause. 'In criminal cases, the trial court retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest. [Citations.] Additionally, the court has discretion to deny discovery in the absence of a showing which specifies the material sought and furnishes a "plausible justification" for inspection. [Citations.]' " (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820].)

■ In a proceeding seeking to compel the production of documents, "[t]he protection of [a third party's] right to be free from unreasonable search and seizure constitutes a 'legitimate governmental interest.' Thus, though 'ordinarily' a criminal defendant may be entitled to pretrial knowledge where 'it appears reasonable that such knowledge will assist him in preparing his defense' [citation], the protection of the [third party's] constitutional rights require that the ' "plausible justification" for inspection' [citation] be so substantiated as to make the seizure constitutionally reasonable." (*Pacific Lighting Leasing Co.* v. *Superior Court* (1976) 60 Cal.App.3d 552, 566-567 [131 Cal.Rptr. 559].)

■ Likewise, petitioner's fundamental right to privacy free from judicially mandated intrusion into her home invokes a "legitimate governmental interest," rendering it incumbent on defendant to demonstrate sufficient "plausible justification" and "good cause" for the intrusion. (See *Craig* v. *Municipal Court* (1979) 100 Cal.App.3d 69, 74, 78 [161 Cal.Rptr. 19].)

In support of the request for access to petitioner's home, defendant's counsel declared: "It is extremely important that the defense team be al-

lowed reasonable access to the alleged scene of the crime, the residence [of petitioner]. This is necessary to view the scene of the crime, observe spatial distance, investigate possible defense theories and to generally prepare examination and cross-examination of key witnesses." No further showing in support of the request was made.

Defendant's showing of "good cause" or "plausible justification" is conclusional and thus inadequate to support judicially compelled access to petitioner's home with the resulting deprivation of her right to privacy in and freedom from unwanted intrusion into her home. Accordingly, defendant's request for an order compelling petitioner to submit to defense access to her home should have been denied.

Having complied with the procedural requirements set forth in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ of mandate in the first instance.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order allowing the defense access to petitioner's home. Upon this decision becoming final, the previously issued stay is vacated. The district attorney is recused from further representation of petitioner in this proceeding.

Blease, J., and Sparks, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied October 27, 1988. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.