**STATE of Minnesota, Respondent,**

v.

**Michael Gary LEE, Petitioner.**

**No. CX–90–1867.**

Court of Appeals of Minnesota.

Oct. 9, 1990.

William E. Falvey, Ramsey County Public Defender, Joseph Carter, Asst. Public Defender, St. Paul, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and GARDEBRING and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

Petitioner seeks a writ of mandamus to compel the trial court to order discovery. Construing the petition as one for a writ of prohibition, we grant the petition, and remand.

## FACTS

Petitioner Michael Gary Lee has been indicted for first degree murder and two counts of attempted first degree murder for an incident occurring on June 10, 1990, at the residence of two of the victims.

The prosecution and investigating officers sealed the home as a crime scene, took photographs and videotapes and sketched a layout of the house. All of these materials were furnished to defense counsel for inspection. On June 26, 1990, the home was returned to the victim's family, who redecorated it. On July 27, 1990, the family returned to the house.

Petitioner was indicted on July 25, 1990. His counsel requested an opportunity to inspect the house. The prosecutor denied this request as well as a renewed request, citing the objections of the victims' family. Defense counsel filed a motion to compel relief, which the trial court denied. Petitioner then sought extraordinary relief in this court.

## ISSUE

Did the trial court clearly abuse its discretion in denying discovery?

## ANALYSIS

Minn.R.Crim.P. 9.01, subd. 1(3) provides that

the prosecuting attorney shall * * * permit defense counsel to inspect and photograph buildings or places which relate to the case.

The state denied petitioner's request to inspect the house, citing the objections of the victims' family, and opposed the motion to compel discovery on the grounds that the house was no longer in the "possession or control" of the prosecution. See Minn.R. Crim.P. 9.01, subd. 1(7).

■ Rule 9.01, subd. 1(3), does not explicitly limit the defense right to inspect the alleged crime scene to those premises in the "possession or control" of the prosecution. Cf. Fed.R.Crim.P. 16(a)(1)(C) (defendant may inspect "buildings or places * * * which are within the possession, custody or control of the government"). The scenes of many criminal offenses are private property, which will be returned to owners or occupants after an initial investigation, often before the defendant has been charged. Although the state in this case suggests the discovery request was un-

timely, the victims' family returned to the home only two days after petitioner was indicted.

■ The term "possession or control," as used elsewhere in Rule 9.01, should not be so narrowly construed as to limit defense access to premises which the prosecution has processed for evidence of crime and to which it may arrange similar access for the defense. The discovery rules are intended to allow "as complete discovery as is possible under constitutional limitations." Comment, Minn.R.Crim.P. 9.01. Even under the narrower federal rule it has been suggested that defense inspection of third-party premises should be ordered. *United States v. Armstrong*, 621 F.2d 951, 954–55 (9th Cir.1980).

■ A brief inspection of the residence by defense investigators, regulated as to time, place and manner, *see* Minn.R.Crim.P. 9.03, subd. 3, could be less intrusive upon the victims' family than a defense effort to obtain equivalent information by compulsory process. *See generally* Minn.R.Crim.P. 22.01, .02.

Prohibition will lie where the trial court has so abused its discretion as to cause injury for which there is no other adequate remedy. *Holt v. State Board of Medical Examiners*, 431 N.W.2d 905, 907 (Minn. App.1988), *pet. for rev. denied* (Minn. Jan. 13, 1989). Denial of defense access to the residence was an abuse of discretion for which an appeal after conviction, if any, is not an adequate remedy.

### DECISION

The petition for extraordinary relief is granted. The discovery order is remanded for an appropriate order restricting the time, place and manner of discovery.

Petition granted and remanded.