## 24109

Lee Ann Shuler WOFFORD, as Administrator of the Estate of
William S. Wofford, Jr., Respondent v. ETHYL CORPORATION, Appellant.
(447 S.E. (2d) 187)

Supreme Court

*Jonathan P. Pearson* and *Stephen C. Mitchell,* both of *Ogletree, Deakins, Nash, Smoak & Stewart,* Columbia, *for appellant.*

*Kenneth M. Suggs* and *D. Michael Kelly,* both of *Suggs & Kelly,* Columbia, and *A.F. Carter, III,* Orangeburg, *for respondent.*

Submitted May 18, 1994.

Decided July 5, 1994.

HARWELL, Chief Justice:

Ethyl Corporation (Employer) contends that the trial judge erred in ordering it to allow Lee Ann Shuler Wofford (Administrator) to enter its plant for the purpose of inspecting the site where William S. Wofford, Jr. (Decedent) was injured even though no civil action existed to which discovery was relevant. We disagree and affirm.

## I. *FACTS*

Decedent sustained a fatal on-the-job injury at Employer's plant. After Employer paid all benefits required by the South Carolina Worker's Compensation Act, Administrator sought to determine whether a claim existed against a third-party and requested Employer's permission to inspect the Employer's plant, certain documents, and other tangible evidence relating to the Decedent's injury and subsequent death. Employer denied Administrator's request. Thereafter, Administrator filed this action to compel Employer to allow the requested inspection.

Employer answered, asserting that Administrator failed to state a claim upon which relief can be granted because the South Carolina Rules of Civil Procedure do not authorize an independent action against nonparties to conduct discovery when no other civil action exists to which discovery is relevant. The trial judge heard the case on its merits and granted Administrator's request. Employer appealed.

## II. *DISCUSSION*

Employer contends the trial judge was without authority to order pre-action inspection of a nonparty because such discovery is not specifically provided for in Rule 34, SCRCP. We disagree.

While modern discovery rules and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable proceeding for discovery, they do not totally displace the traditional equitable jurisdiction of the court to issue appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice served. *Shorey v. Lincoln Pulp & Paper Co.*, 511 A. (2d) 1076, 1078 (Me. 1986). The equity powers of the Court may allow discovery when the Rules do not provide a mechanism. *Cf. Ex parte Goodyear Tire & Rubber Co.*, 248 S.C. 412, 150 S.E. (2d) 525 (1966). Contrary to Employer's claim, the plain language of Rule 34(c) recognizes that an independent discovery action may be maintained against a nonparty:

> This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

Rule 34(c), SCRCP.[1] Accordingly, we reject Employer's claim that the trial judge was without authority to order discovery against a nonparty.

We also reject Employer's claim that the trial judge could not order discovery in the absence of a civil action to which discovery was relevant. While a pure bill for discovery most often was brought to aid a party in an action at law, the pendency of such an action was not necessary. *Shorey*, 511 A. (2d) at 1078.

> The action in aid of which the discovery is sought may be pending; but this is not necessary. It is sufficient if the plaintiff in the bill for a discovery shows that he has a right to maintain or defend an action in another court, and that he his about to sue or is liable to be sued therein,

---

[1] After this action was commenced, Rule 34(c) was amended to include that "a person not a party may be compelled to produce documents of things or submit to an inspection only as provided in Rule 45."

although no action is yet commenced; a discovery may be needed to determine the proper parties. . . . (footnotes omitted).

John Norton Pomeroy, *Equity Jurisprudence*, § 197(b) at 298 (1941).

No other discovery procedure would allow the Administrator to determine the proper party to a third-party complaint. Accordingly, we hold that the trial judge, under the equitable power of the court, properly ordered Employer to allow Administrator to inspect its premises. *Accord Shorey*, 511 A. (2d) at 1078 (trial court has equity jurisdiction to order employee's pre-action inspection of employer's plant for purposes of inspecting machine which injured employee to determine if it was negligently designed); *Lubrin v. Hess Oil Virgin Islands Corp.*, 109 F.R.D. 403 (D.V.I. 1986) (trial judge ordered employer to permit injured employee's inspection of property to determine proper party of possible third-party action). Based on our holding, we need not address Employer's remaining arguments.

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.