784 A.2d 1142

**Charles STOKES, a minor, etc., et al.,**

**v.**

**835 N. WASHINGTON STREET, LLC.**

**No. 1082, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

Nov. 7, 2001.

Suzanne C. Shapiro (Saul E. Kerpelman & Associates, P.A., on the brief), Baltimore, for appellants.

David L. Jacobson (Blades & Rosenfeld, P.A., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ROBERT F. FISCHER (Retired, specially assigned), and RAYMOND G. THIEME, Jr. (Retired, specially assigned), JJ.

MURPHY, Chief Judge.

In the Circuit Court for Baltimore City, a lead poisoning action was filed against the former owner of 835 N. Washington Street, on behalf of Charles Stokes ("Stokes"), a minor,[1] who formerly lived at that address. The current owner of that property, 835 Washington Street, LLC, appellee, refused appellants' request for access to the property in order to conduct a test for the presence of lead-based paint. Appellants filed an action against appellee, seeking an order for entry upon the property to conduct a "noninvasive and nondestructive test." The circuit court denied that motion and this appeal followed, in which appellants present a single question for our review:

> Does the Circuit Court have power under the Maryland Rules of Civil Procedure or by common law to order a property owner to allow a nondestructive lead test of the owner's vacant property when the presence of lead in that property is relevant and material to another pending action involving the poisoning of a child?

For the reasons that follow, we shall answer "yes" to that question, vacate the judgment of the circuit court, and remand for further proceedings not inconsistent with this opinion.

## Factual Background

In the underlying action against the former owner of 835 N. Washington Street, appellants must prove that Stokes suffered lead poisoning while residing at that property. Appellee is not involved in the underlying action. When appellee refused their request to test the property, appellants filed the

---

1. Appellant Eve Jones, grandmother and next friend of Charles Stokes, filed the lawsuit on his behalf. For purposes of this opinion, we refer to them as "appellants."

action at issue, a Motion to Perpetuate Evidence, requesting that the circuit court exercise its subpoena power to order appellee to cease withholding evidence relevant to a matter pending before the court. Asserting that the presence or absence of lead-based paint in the dwelling "will be most relevant in the child's action against the former owners of 835 N. Washington Street," appellants argue that they are entitled to an order of court granting them the right to enter the property in order to conduct "a noninvasive and nondestructive test" that would determine lead-based paint therein.

Appellee responded to appellants' motion, arguing that (1) such relief is not provided for in the Maryland Rules, (2) the relief sought has been expressly rejected in a case that confirmed the clear meaning of the Rules, and (3) appellee was entitled to counsel fees incurred in this case because appellants' counsel had specific knowledge that appellants were not entitled to the relief sought.[2]  The circuit court denied appellants' motion, stating:

> Plaintiff was a minor who, according to the allegations, suffered lead poisoning while residing at 835 N. Washington Street before it was owned by the defendant here. It is argued that the presence of lead paint in the dwelling will be relevant to an action against the former owners of 835 N. Washington Street in the matter captioned as *Carl Stokes, et al. v. Avid Enterprises 1, Inc.*, Case No. 24–C–99–004264. Clearly the LLC is not a party in connection with that matter.

> The Court has reviewed plaintiff's motion as well as defendant's response, which provides that, in fact, the Court has no authority in connection with the first rule of discovery, that is 2–422, which [appellants' counsel] has conceded because that only provides documents and entry onto a property by a party to another party clearly not satisfied here.

---

**2.**  Appellee has filed a cross-appeal, arguing that the circuit court erred in refusing to award counsel fees incurred in opposing appellants' efforts to gain access to appellee's property. In light of our holding, we affirm the circuit court's refusal to award counsel fees.

The plaintiffs relies [sic] on Maryland Rule 2–404 here, captioned Perpetuation of Evidence which the Court has reviewed. I have also reviewed the case relied upon by the defendant, that is *Allen v. Allen* at 105 Md.App. 359 [659 A.2d 411 (1995)], which provides that the rule was not intended to serve as a discovery device to provide prospective plaintiffs with an opportunity to secure information in order to frame a complaint. Indication of Rule 2–404 is therefore reserved for that category of situations in which it is necessary to prevent testimony from being lost or destroyed before a party is able to pursue discovery in the ordinary course of action.

While, I am compelled that plaintiffs have presented that the property is vacant and compelling equitable circumstances that could require a court to issue an order perpetuating evidence, I don't believe that Maryland Rule 2–404 permits the type of relief that the plaintiff is suggesting here based on the limited authority, which really is *Allen* as well as the other two cases cited in the annotations, I don't believe it would be proper.

And accordingly, I do believe that this is a matter more appropriately reserved for the legislature to take up if, in fact, the members of that branch believe that this Court should perpetuate such evidence in certain situations. So I don't believe that the motion that has been raised is without merit. And so accordingly I am going to deny defendant's request for fees. I do believe that it is a novel issue, again, that I don't believe is appropriate for this court of general jurisdiction to resolve without any authority, which has not been provided to this Court to date.

So accordingly, I will pass an order denying the plaintiffs' motion to perpetuate evidence for the reasons stated on the record, and respectfully deny the defendant's claim for fees pursuant to Maryland Rule 1–341.

This appeal followed.

### Discussion

Rule 34 of the Federal Rules of Civil Procedure (FRCP 34) *expressly* authorizes a party in a lawsuit to enter upon the

land of a non-party for the limited purpose of inspecting and testing the land for evidence that would be of consequence to a pending court action.[3] Only Maryland and Connecticut have no state provision allowing for non-party production/inspection.[4] Hence, this appeal.

---

**3.** That Rule now provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." The following states have rules that are consistent with this rule: Alabama, Arizona, Delaware, District of Columbia, Kansas, Maine, Montana, New Mexico, North Dakota, Ohio (Rule adds notice safeguards), Oklahoma, Oregon (maintains old Rule 34 language), Rhode Island (reporter's note suggests non-party production/inspection allowed by deposition and subpoena), South Carolina (maintains old Rule 34 language), Vermont (reporter's note suggests non-party production inspection allowed by subpoena), West Virginia, and Wyoming (maintains old Rule 34 language). From 1970 to 1991, FRCP 34(c) provided that "[t]his rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land." The following states have rules that are consistent with the "old" Federal Rule: Alaska, Arkansas, Colorado, Florida, Hawaii, Idaho, Illinois, Iowa, Kentucky, Massachusetts, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, North Carolina, South Dakota, Tennessee, Utah, Washington, and Wisconsin. The following states have their own hybrid rule allowing for non-party production/inspection: California, Georgia, Indiana, Louisiana, Michigan, New Hampshire, New York, Pennsylvania, Texas, and Virginia.

**4.** Several courts have held that a criminal defendant has the right to inspect a crime scene that is under the control of a third party. In *Henshaw v. Virginia*, 19 Va.App. 338, 451 S.E.2d 415 (1994), the criminal defendant was convicted of voluntary manslaughter by the trial court. *Henshaw* at 416. The defendant, prior to trial, filed motions for discovery seeking to inspect, photograph, and take measurements of the crime scene that was not under the State's control. *Id.* The trial court denied the defendant's motions. *Id.* The appellate court found that criminal defendants do have a right to view, photograph, and take measurements at the crime scene under the control of a third party. *Id.* at 419. The court stated:

If an accused establishes that inspecting, photographing, or measuring the crime scene is relevant and material, he is entitled to access, subject to such reasonable limitations and restrictions as the trial judge may impose, unless due to special circumstances the private citizen's constitutional right to privacy outweighs the accused's right to view or inspect the premises. Upon a prima facie showing of relevance, the trial judge shall order access for observation and inspection, subject to such reasonable restrictions and limitations as the court determines necessary in its sound judicial discretion.

■ Appellants argue that the purpose of Md. Rule 2–404 is to preserve evidence that might become unavailable,[5] and that Md. Rule 2–402 makes clear that the scope of allowable discovery is broad.[6] Appellee counters that, under the appli-

---

*Id.* at 420. The appellate court deemed the trial court's error to be harmless because the defendant was satisfactorily able to present his evidence through the State's diagram and photographs of the room, and the testimony of witnesses. *Id.*

Other courts have reached similar conclusions. *See Bullen v. Superior Court, et al.,* 204 Cal.App.3d 22, 251 Cal.Rptr. 32, (1988)(holding that when a criminal defendant wants to inspect a private party's property, "petitioner's fundamental right to privacy free from judicially mandated intrusion into her home invokes a 'legitimate government interest,' rendering it incumbent on defendant to demonstrate sufficient 'plausible justification' and 'good cause' for the intrusion"); *State v. Gonsalves,* 661 So.2d 1281 (Fla.Dist.Ct.App.1995)(affirming a trial court's order granting the criminal defendant's motion to photograph a portion of the inside of the victim's house. "Although we respect the victim's right to privacy in her home, we conclude that it is outweighed by the defendant's right to due process here."); *State v. Lee,* 461 N.W.2d 245 (Minn.Ct.App.1990)(holding that a defendant can briefly inspect the location where the offense occurred, even if that location is under the control of private citizens); *People v. Nicholas,* 157 Misc.2d 947, 599 N.Y.S.2d 779 (N.Y.Sup.Ct.1993)(holding that a criminal defendant, to gain discovery of a crime scene which is a private residence, must show "that inspection of the crime scene would yield relevant material evidence, not already provided, necessary for the preparation of the defense," and this showing must be compelling enough to outweigh the owner's constitutional right to privacy); *State v. Brown,* 306 N.C. 151, 293 S.E.2d 569 (1982), *affirmed in part and reversed in part on other grounds,* 891 F.2d 490 (4th Cir.1989)(holding that a criminal defendant was denied due process when he was denied a police supervised limited inspection of the premises in which the crime occurred).

5. Md. Rule 2–404 provides, in pertinent part:

(a) Before Action Instituted.

(1) Right to Take. A person who may have an interest in an action that the person expects to be brought may perpetuate testimony or other evidence relevant to any claim or defense that may be asserted in the expected action in accordance with these rules. In applying these rules, a person who files or is served with a notice, request, or motion shall be deemed a "party" and references to the "court in which the action is pending" shall be deemed to refer to the court in which the notice, request, or motion is filed.

6. Md. Rule 2–402 provides:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

cable Maryland Rules and judicial interpretation of those terms, discovery of documents and property may only be obtained from a "party" to a suit. Because the Maryland Rules do not preclude circuit courts from exercising their inherent equitable powers, we are persuaded that the circuit court has jurisdiction to permit appellants entry into appellee's property through an equitable bill of discovery.

In *Webb v. Joyce Real Estate, Inc.*, 108 Md.App. 512, 672 A.2d 660 (1996), this Court concluded that, because "nonparties may not be compelled to submit to an inspection of their property" under Rule 2–422,[7] that rule did not authorize entry

___

(a) Generally. A party may obtain discovery regarding any matter, not privileged, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter, if the matter sought is relevant to the subject matter involved in the action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. It is not ground for objection that the information sought is already known to or otherwise obtainable by the party seeking discovery or that the information will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. An interrogatory or deposition question otherwise proper is not objectionable merely because the response involves an opinion or contention that relates to fact or the application of law to fact.

7. Rule 2–422 provides:
(a) Scope. Any party may serve at any time one or more requests to any other party (1) as to items that are in the possession, custody, or control of the party upon whom the request is served, to produce and permit the party making the request, or someone acting on the party's behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form) or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 2–402(a); or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection, measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on the property, within the scope of Rule 2–402(a).
(b) Request. A request shall set forth the items to be inspected, either by individual item or by category, and shall describe each item and

onto property owned by a nonparty. *Webb* did not hold that the Maryland Rules precluded a party from seeking entry onto a non-party's land. That case simply held that Md. Rule 2–422 does not authorize the circuit court to grant such relief. Subsequent to our decision in *Webb*, the Court of Appeals rejected a proposal that would have permitted the relief that appellant is seeking in this case.[8] We are persuaded, howev-

category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

(c) Response. The party to whom a request is directed shall serve a written response within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

(d) Production. A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

8. The Rules Committee proposed that the Court of Appeals enact Rule 2–422.1, which would have provided as follows:

Rule 2–422.1.   INSPECTION OF PROPERTY—NON–PARTY

(a) Definition

For purposes of this Rule, "nonparty" means any person, other than a party, who is in possession or control of land or other property and, if different, the record owner of the land or other property.

(b) Motion

A party may move for an order to permit entry upon designated land or other property in the possession or control of a nonparty for the purpose of inspecting, measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on the property. The motion shall (1) describe with reasonable particularity the land or other property to be entered, and any acts to be performed, (2) state the nature of the controversy and the relevancy of the entry and proposed acts, (3) specify a reasonable time and manner of entering and performing the proposed acts, and (4) describe the good faith attempts made by the party to reach agreement with the nonparty concerning the entry and proposed acts. The motion also shall inform the nonparty that (i) the nonparty has the right to object to the entry and proposed acts by filing a response, (ii) any response must be filed within 30 days after the nonparty is served with the motion, and (iii) if the nonparty desires a hearing on the motion, the nonparty must file a written "Request for Hearing" either separately or in the response. The motion shall be accompanied by a

er, that the absence of a rule expressly authorizing an inspection does not preclude the circuit court from granting that relief when it is in the interest of justice to do so. We therefore hold that the circuit courts have the power to order inspection of a non-party's property on a case-by-case basis through the equitable bill of discovery.

Prior to the enactment of FRCP 34, courts were presented with the issue of whether a party had a right to file a separate action against a non-party to enter the non-party's property in order to obtain needed discovery.[9] The cases are collected in Rupert F. Barron, *Existence and Nature of Cause of Action for Equitable Bill of Discovery*, 37 ALR 5th 645 (1996). A review of those cases makes it clear that the circuit court has the authority to issue an equitable bill of discovery in this case.

In *Shorey v. Lincoln Pulp & Paper Company, Inc.*, 511 A.2d 1076 (Maine 1986), the Supreme Judicial Court of Maine was presented with a situation similar to the instant case. The plaintiff-appellant was completely disabled while operating a machine at the factory where he was employed. He asked his employer for permission to inspect the machine to

---

written undertaking that the party will pay for all damages arising out of the entry and performance of the proposed acts.

The Court of Appeals subsequently rejected that proposed new Rule 2–422.1 and the proposed amendment to Rule 2–422.

**9.** In 1971, the advisory committee note to FRCP 34, stated:

Rule 34 is revised to accomplish the following major changes in the existing rule: (1) to eliminate the requirement of good cause; (2) to have the rule operate extrajudicially; (3) to include testing and sampling as well as inspecting or photographing tangible things; and (4) to make clear that the rule does not preclude an independent action for analogous discovery against persons not parties.

*See* FRCP 34, advisory committee note, 1970 amendment.

When Federal Rule 34 was amended in 1970, subsection (c) was added. That subsection stated: "Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land." The Rule was subsequently amended to expressly provide for entry on non-party land. That amendment took effect in 1991. See F.R. Civ. P. 34 advisory committee's note.

see if it had any manufacturing flaws.[10]  His employer denied that request.  The plaintiff filed a lawsuit seeking access to the factory in order to inspect the machine.  *Id.* at 1077.  The Supreme Judicial Court noted that, as the applicable Maine Rule [11] neither provided for nor prohibited the relief being sought, the trial court had the authority to grant the plaintiff a right to enter the factory and inspect the machine.  The case was therefore remanded to the trial court for a determination of whether the plaintiff was entitled to the relief sought.  The *Shorey* Court explained:

> Although modern discovery rules and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery, they do not totally displace the traditional equitable jurisdiction of the Superior Court to issue appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice are served.

*Id.* at 1078.

Several other state courts have held that, in the absence of a statute or rule prohibiting entry upon the property of a nonparty, the equitable bill of discovery is available to the party who needs the court's permission to gain entry to a nonparty's land.  *See Temple v. Chevron,* 254 Mont. 455, 459–63, 840 P.2d 561 (1992); *Arcell v. Ashland Chemical Co. et al,* 152 N.J.Super. 471, 378 A.2d 53, 70–71 (1977); *Wofford v. Ethyl Corp.,* 316 S.C. 75, 447 S.E.2d 187 (1994).

In *Wimes v. Eaton Corporation,* 573 F.Supp. 331 (E.D. Wis.1983), the United States District Court for the Eastern District of Wisconsin was faced with a situation similar to the situation in *Shorey.*  The plaintiff was at work in a foundry when he was struck in the face by a hook attached to a

---

**10.**  The plaintiff was receiving Worker's Compensation benefits, but sought this information to see if he had a basis for a lawsuit against the manufacturer of the machine.

**11.**  Maine Rule 34(c), was identical to Federal Rule 34, as amended in 1970.

machine. He suffered severe injuries, and wanted to determine whether the machine had malfunctioned. When he asked for permission to inspect the machine, his employer denied that request. The *Wimes* Court stated that, because the then applicable Federal Rules did not expressly provide for or prohibit inspection of a non-party's premises, the equitable bill of discovery was available to the plaintiff.[12]  *Id.* at 336–37. The court remanded the case to the state court from which it had been removed for that court to determine whether a bill of discovery was warranted under the circumstances. *Id.* at 337.

The Maryland Rules of Procedure have greatly reduced, but have not eliminated entirely, the need for an equitable bill of discovery. No Maryland Rule prohibits entry upon land of non-parties for the purposes of inspection. Indeed, a rule denying a party's right to seek an equitable bill of discovery may well violate the party's constitutional right of access to the courts.[13]

---

**12.** Other federal courts agreed with the *Mimes* Court that, in the absence of an amendment to the rules, the best method to gain entry to a non-party's land was through a bill of discovery. *See Lubrin v. Hess Oil Virgin Islands Corp.,* 109 F.R.D. 403, 404–05 (D.Virgin Islands 1986); *Home Insurance Co. v. First National Bank of Rome,* 89 F.R.D. 485, 486–87 (N.D.Ga.1980); *Huynh v. Werke,* 90 F.R.D. 447, 450 (S.D.Ohio 1981).

**13.** Several courts have noted that statutes modifying common law rights are to be strictly construed and will not displace such rights unless that intent is expressly declared. *See Adventist Health System/Sunbelt, Inc. v. Hegwood,* 569 So.2d 1295 (Fla.App. 5 Dist.1990). In allowing a bill of discovery the court stated that neither the statute at issue nor its predecessor "expressly prohibits discovery by alternative means." *Hegwood* at 1296. It went on to state that "[s]tatutes designed to supercede or modify rights provided by common law must be strictly construed and will not displace common law remedies unless such an intent is expressly declared." *Id.* at 1296–97. Furthermore "[a]ccess to courts guarantees the continuation of common law causes of action [and] may be altered only if there is a reasonable substitution which protects the person protected by the common law remedy." *Id. See also Wolfe v. Massachusetts Port Authority,* 366 Mass. 417, 319 N.E.2d 423 (1974). The *Wolfe* Court stated, "[w]hen the bill seeks discovery alone, discovery is available 'in circumstances (a) where the statutory procedure was inadequate to obtain the necessary information

As noted above, the Court of Appeals rejected an amendment to Maryland Rule 2–422. If the Court of Appeals has the power to enact a rule that would expressly provide for the kind of relief that appellant is seeking, the circuit courts obviously have the power to grant that relief.[14] The Maryland Rules do not prohibit Maryland circuit courts from exercising their inherent equitable powers.[15] The information that appellants seek, namely to test the vacant premises for lead paint contamination, is vital to their lawsuit against the defendant in the underlying lead paint action. Appellants do not have an adequate alternative remedy for obtaining the evidence they will need. An equitable bill of discovery is the only way for appellants to obtain the information they need.

While appellants cannot gain entry to appellee's property through Md. Rule 2–422, we shall vacate the judgment and remand for the circuit court's determination of whether an equitable bill of discovery should be issued in this case. The parties are entitled to an evidentiary hearing at which appellants must prove by a preponderance of the evidence that (1) what they seek to discover is material and necessary for proof of the other action already brought; (2) appellants have no other adequate means of obtaining discovery of the essential information; (3) appellants' right of access to the premises outweighs the privacy rights of both the owner and the occupants of the property; [16] and (4) issuance of

---

and (b) where the information sought could have been obtained under a pre–1851 bill for discovery'. . . . . Thus, rather than supplanting the bill of discovery, statutory remedies are supplemented by it." *Wolfe* at 425.

**14.** No court has ever enacted a rule that expressly prohibits the entry of an order granting a party the right to enter, etc. the property of a non-party.

**15.** The Maryland Rules do not supercede common law or statute and they shall not be construed to extend or limit the jurisdiction of any court unless they are in direct conflict with the rules or the rules expressly provide that the rule supercedes the common law or statute. See Md. Rule 1–201(b), (c).

**16.** The situations in which public officials are authorized to enter the property is of significant consequence to the determination of whether a

an equitable bill of discovery will not impose an unreasonable hardship upon the owner or upon any occupant of the proper-

party's right of access outweighs the property owner's and/or occupant's right to privacy. "The entry and inspection of a dwelling must be in accordance with §§ 113.6 through 113.12 of the City Building Code." City Health Code, § 2–107(b)(2).

On June 24, 1987, a **Lead–Based Paint Abatement** regulation was adopted "pursuant to the power conferred upon the Committee composed of the Commissioner of Housing and Community Development, the Chief of the Fire Department, the Commission of Health, and a member of the City Council by Sections 401 and 402 of Article 13 of the Baltimore City Code (1983 Replacement Volume)." The Committee deemed this regulation to be "necessary for the enforcement of . . . 'the Housing Code of Baltimore City'. . . and for the protection of the health of the inhabitants of the City of Baltimore." The regulation, in pertinent part, provides:

**II. Procedures related to the identification of an EBL child**

A. In the event a child has been identified as having an elevated blood lead (EBL) level, the Commission shall request the Department to conduct an environmental inspection of the child's dwelling and/or secondary residence. If a lead-based paint violation is found, the Commissioner shall issue a notice requiring the abatement of the violation by the owner in conformance with this regulation.

**III. Procedures related to the issuance of an order to abate**

A. In the event the Commissioner determines the existence of a lead-based paint violation, the Commission shall notify the owner of the property of the existence of the lead-based paint violation and order the abatement of such violation within a specified time of the receipt of the notice, not to exceed 30 days unless otherwise ordered by the Commissioner. Such violations shall be abated in conformance with the standards set forth in Section IV below.

B. To determine the existence of a lead-based paint violation, the Commissioner shall request the Department to conduct an environmental inspection of the property, to include common areas of multi-family dwellings. . . .

This regulation took effect on July 1, 1987. Additionally, an "administrative search warrant" can be issued if:

g. the inspection is to identify lead-based hazards in a dwelling unit that is the last-reported address of a child who, by notice from a health care provider or the State Department of the Environment to the Building Code Official or the Health Commissioner, is reported to have been diagnosed with a venous blood-lead level of 15 micrograms per deciliter or more; or

h. untreated lead-based paint hazards have been found in a unit of a multiple-family dwelling in which a child who has been diagnosed with a venous blood-lead level of 15 micrograms per deciliter or more resides, and entry is needed to other units of the dwelling for visual inspection to determine compliance with State Environment Article § 6–815 or § 6–819.

Baltimore City Code, Art. 32 § 113.8.1(g) & (h).

ty.[17]  *See Berger v. Cuomo,* 230 Conn. 1, 644 A.2d 333, 337 (1994); *Chevron,* 254 Mont. at 463, 840 P.2d 561; *Hegwood,* 569 So.2d at 1296–98; *Investors Mortgage Insurance v. Dykema,* 598 F.Supp. 666, 668–69. A remedy is "adequate" only if it "is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." *Cuomo,* 644 A.2d at 337.

For the reasons set forth above, we hold that (1) the circuit court has *authority* to grant the relief sought in this case, and (2) it is for the circuit court to decide in the first instance whether—under the unique circumstances of this particular case—appellants *should* receive an equitable bill of discovery that would allow them to enter appellee's property in order to test for the presence of lead paint at that location.

**JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY THE COSTS.**

---

17. The bill of discovery may include provisions for payment of any damages sustained by appellee during the period of time that the tests are being performed.