REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1216

September Term, 2014

_____

TRASHAWN JOHNSON

v.

ROBERTA FRANKLIN

_____

Zarnoch,
Wright,
Hotten,

JJ.

_____

Opinion by Wright, J.

_____

Filed: May 29, 2015

On March 4, 2014, appellant, Trashawn Johnson, filed a complaint in the Circuit Court for Baltimore City to perpetuate evidence and request for a hearing seeking an order allowing him to conduct environmental testing on 3811 Reisterstown Road, Baltimore ("Property"), which is currently owned by appellee, Roberta Franklin.[1] Johnson sought testing of Franklin's home for evidence of lead paint as a part of his separate lead-paint poisoning action against a prior owner, Riggs Properties. After Franklin failed to respond to Johnson's discovery requests, Johnson filed a motion for summary judgment on June 13, 2014. At a motion hearing on July 25, 2014, the circuit court denied summary judgment and denied Johnson's complaint. Johnson appealed on August 18, 2014, and asks:[2]

> Did the trial court abuse its discretion by denying Johnson's complaint for a bill of discovery for lead-based paint testing to support a separate lead-paint poisoning suit?

> We answer "yes," vacate the judgment of the circuit court, and remand the case for

further proceedings not inconsistent with this opinion.

---

[1] Franklin did not file a brief, or otherwise participate, in this appeal.

[2] Johnson presented the questions as:

1. Did the trial court err as a matter of law when it, *sua sponte*, denied appellant's complaint to perpetuate evidence?

2. Did the trial court err as a matter of law by finding that the privacy rights of appellee outweighed appellant's right to access the premises?

**Facts**

Johnson filed this suit as a companion action to a pending lead-paint poisoning case filed in the Circuit Court for Baltimore City. *See Johnson v. Riggs Properties*, 24-C-11-007769 (Cir. Ct. Balt. City). In that case, Johnson alleged that "he suffered severe and permanent injuries from exposure and ingestion of lead-based paint and lead-based paint dust at properties including [the Property]." Johnson "anticipate[d] that the presence or absence of lead-based paint in [the Property] will be extremely relevant to his claims" in his case.

On February 19, 2014, Johnson, by letter, contacted Franklin, who is not a party to the companion suit and is the current owner of the Property, to request her permission to conduct "non-invasive environmental testing" of the Property to determine the presence and extent of lead-based paint in the Property. After Franklin failed to respond, Johnson filed a complaint to perpetuate evidence and request for a hearing pursuant to Md. Rule 2-404, on March 6, 2014, in the circuit court. In his complaint, Johnson alleged that "[a]n equitable bill of discovery is the only way for [Johnson] to obtain the information he requires. [Johnson]'s requested relief is specific and adapted to securing the relief sought conveniently, effectively and completely." (Emphasis in original).

Franklin filed an answer *pro se* on April 11, 2014, requesting that the circuit court deny Johnson's request. Franklin denied that Johnson needed a "right of access to the [Property] in this case because the required testing ha[d] already been completed," and that "[Johnson] ha[d] an adequate alternative remedy for obtaining the evidence [he]

2

claim[ed] [he] need[ed]" because Franklin had already provided Johnson with copies of the results of the prior testing.

After Franklin filed her answer, Johnson propounded requests for production of documents, interrogatories, and requests for admission of facts on Franklin on April 23, 2014. Franklin failed to respond to any of Johnson's discovery requests, and Johnson moved for summary judgment pursuant to Md. Rule 2-501(a) on June 13, 2014.

On July 25, 2014, the circuit court held a hearing on Johnson's motion for summary judgment. Johnson argued that "all [he] want[ed] is access . . . to the actual paint to test the paint." Johnson cited "one sample in the livingroom [sic] windowsill that did contain a little bit of lead which leads [him] to believe that there may be lead-based paint in the [Property]." Johnson offered to complete the testing "at any time convenient to Ms. Franklin." In response, Franklin cited the "fact that [she] had the test done and [she] gave them the paperwork showing that the State and the Federal government approved[,]" as why she "didn't see it necessary for them to come in my home." She stated that had she "not had the test done [she] wouldn't have a problem." Johnson added that she "rehabbed the house . . . . New sheet rock is up. There is no old paint in the house."

The circuit court framed "the issue the Court has to weigh" as "obviously [Franklin's] personal privacy and inconvenience." The court asked Franklin to "tell the Court if you will, how you feel about having someone come into your house and do this test, even though they are saying that it is going to be short and quick." Franklin said,

3

"there's no reason," because of the previous testing, and that she "just d[oes]n't want them" coming into the Property.

The circuit court ruled:

> In this particular case the Court, one, makes a finding that this type of pleading is not appropriate for Summary Judgment because it would not be a judgment, just sort of a grant or deny of the petition or request. And so in that sense, there would be no judgment in either way, the Court will either grant or deny the request. The Court will also make a finding in this particular case based on what I've heard from Ms. Franklin and what I saw in her response. And also with the pleadings and the case law as well in this particular case, I don't believe that [Johnson], in this case, [Johnson] has shown that [Franklin]'s privacy rights have been outweighed by [Johnson]'s needs to do this additional testing. And so, the motion is denied and the request is denied.

The circuit court's order of July 25, 2014, stated:

> FOUND that [Johnson] failed to establish that his right to access the premises outweighs the privacy rights of [Franklin]; and it is further
>
> ORDERED that for the reasons stated on the record, [Johnson]'s Motion for Summary Judgment (Docket Entry # 7) is DENIED; and it is further
>
> ORDERED that [Johnson]'s Complaint to Perpetuate Evidence (Docket Entry #1) is DENIED; and it is further
>
> ORDERED that the Clerk of Court shall close the case with all costs to be paid by the Plaintiff.

**Discussion**

Johnson contends that "the Court decided, *sua sponte,* that [his] Complaint was actually a 'request,' which was legal error." In tandem with that argument, Johnson argues that summary judgment in his favor was the appropriate disposition of this case. Johnson cites the lack of a genuine dispute of material fact, because Franklin failed to

4

respond to any of his discovery requests, and "therefore, admitted" that there was no genuine dispute of material fact. Johnson argues that, although no evidentiary hearing was held as required by *Stokes v. 835 N. Washington Street, LLC*, 141 Md. App. 214 (2001), he did prove, through Franklin's admissions, by a preponderance of the evidence that there is no dispute that "[Johnson]'s right to access the premises outweighed [Franklin]'s privacy interest" and, as a result, summary judgment should have been granted in his favor. Johnson urges us to accept a *de novo* standard of review in reviewing whether his complaint was properly denied because it was denied as a part of his motion for summary judgment.

Johnson correctly cites *Stokes* as largely controlling. In *Stokes*, the Court of Appeals considered a similar case, where a minor filed a lead poisoning action against the former owner of a home. *Stokes*, 141 Md. App. at 216. The current property owner refused the minor's request to access the property to conduct lead paint testing, and the minor filed an action against the current owner seeking an order of entry to conduct noninvasive lead-paint testing. *Id.* The trial court denied the minor's request and, on appeal to this Court, we considered whether Md. Rule 2-404 allowed for non-party production. *Id.* at 218-23.

In *Stokes,* we held "that the circuit courts have the power to order inspection of a non-party's property on a case-by-case basis through the equitable bill of discovery." *Id.* at 223. We recognized that, while the Maryland Rules do not have a specific mechanism allowing for the entry upon land of a non-party for inspection, "[n]o Maryland Rule prohibits" it, either. *Id.* at 225. In making our determinations, we noted that "a rule

5

denying a party's right to seek an equitable bill of discovery may well violate the party's constitutional right of access to the courts." *Id.* (footnote omitted). Because testing the premises for lead paint contamination is "vital" to a lead poisoning suit, we held that "[a]n equitable bill of discovery is the only way for appellants to obtain the information they need." *Id.* at 226.

Although we recognized in *Stokes* that a trial court may issue a bill of discovery under its inherent equitable power, we did not discuss how to obtain a bill of discovery or how we would review the grant or denial of one, which is the focus of this case. We do so now.

We begin with a review of what a bill of discovery is. A bill of discovery "has been a procedural tool in use for centuries" and "is well recognized." *Estate of Bochiccho v. Quinn*, 46 A.3d 239, 241 n.2 (Conn. App. Ct. 2012). It is an equitable remedy that allows a litigant to obtain information that is in the exclusive possession of another person and is necessary to the establishment of the litigant's case. *See Meltzer v. Kushin*, 20 A.2d 189, 190 (Pa. 1941). The rationale behind this "remedy, when used as an auxiliary process in aid of trials at law, is simplicity itself. At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance . . . . Today the remedy survives, chiefly, if not wholly, to give facility to proof." *Pottetti v. Clifford*, 150 A.2d 207, 211 (Conn. 1959) (citations omitted).

Historically, a "bill of discovery" could refer to either a "bill of discovery and relief" or "a pure bill of discovery," but there is a distinction. Thomas E. Rosensteel,

6

*Equity's Bill of Discovery, A Unique Application in the Field of Products Liability*, 49

Chi.-Kent L. Rev. 124, 125-26 (1972).  The distinction is that the former is employed

when a party seeks discovery along with some form of relief, while the latter is used

purely to discover facts.  *Pottetti*, 150 A.2d at 210-11; *see also Carten v. Carten*, 219

A.2d 711, 715 (Conn. 1966) (noting that "there is no *ad damnum* claimed" in pure bills of

discovery).  Typically, a pure bill of discovery is used "to obtain evidence to be use[d] in

some suit other than that in which discovery is sought."  *Peyton v. Werhane*, 11 A.2d

800, 803 (Conn. 1940).

In Maryland, because a bill of discovery stems from the inherent powers of the

circuit courts, there is no specific rule governing them.  *See Stokes*, 141 Md. App. at 223-

25.[3]  However, a litigant can initiate a bill of discovery by filing a complaint, which seeks

relief in the form of discovery, or by filing a request for a bill of discovery in the action

for which the discovery is sought.  Daniel Morman, *The Complaint for a Pure Bill of*

*Discovery―A Living, Breathing, Modern Day Dinosaur?*, 78 Fl. B. J. 50, 50 (2004).

Returning to the instant case, Johnson argues that the circuit court wrongly

"transform[ed] [Johnson]'s pleadings" into a "'request,' which was legal error."  He avers

---

[3] Rule 34 of the Federal Rules of Civil Procedure expressly authorizes a party in a lawsuit to enter upon the land of a non-party for the limited purpose of inspecting and testing the land for evidence that would be of consequence to appending court action. Only Maryland and Connecticut have no state provision allowing for non-party production/inspection.

that the court could not turn his complaint into something else "in order to justify its intended end result."[4] We disagree with Johnson and explain.

In this case, Johnson filed a "complaint to perpetuate evidence and request for a hearing[.]" As a part of his complaint, Johnson pled, in pertinent part:

> 3. [Johnson] seeks, through the instant Complaint, to have this Honorable Court exercise its subpoena power to prevent [Franklin] from withholding evidence relevant to *Trashawn Johnson, et al. v. Riggs Properties, et al.* To that end, [Johnson] seeks to obtain an Order allowing him to conduct non-invasive, non-destructive environmental testing of the interior and exterior of [the Property]. Maryland Rule 2-404 allows this action to perpetuate evidence. The Court of Special Appeals confirmed that this Honorable Court has the power to grant [Johnson]'s requested relief through an equitable bill of discovery. *Charles Stokes, a minor, et al. v. 835 N. Washington Street, LLC*, 141 Md. App. 214 (2001).

> 4. The evidence [Johnson] seeks to discover (the presence or absence of lead-based paint in [the Property]) is material and necessary for [Johnson] to prove his case *Trashawn Johnson, et al. v. Riggs Properties, et al.* The environmental testing will also assist medical experts in determining the extent to which [Johnson] was exposed to lead-based paint and lead-based paint dust on an ongoing basis.

> 5. . . . An equitable bill of discovery is the only way for [Johnson] to obtain the information he requires.

(Emphasis in original).

First, although Johnson cited Md. Rule 2-404 as authority, the rule does not allow this suit to continue and does not provide the requested relief. Md. Rule 2-404 allows for

---

[4] Johnson uses the term "pleading" and frames his argument about "transform[ation]" in the context of the complaint, but he cites case law concerning summary judgment as authority. Johnson appears to have conflated the word "pleading" with the word "motion." Pleadings refer to "a complaint and an answer[,]" including any counterclaims, cross-claims, third-party complaints, and the answers thereto. Md. Rule 2-302. A motion for summary judgment is not a pleading because it is "[a]n application to the court for an order[.]" Md. Rule 2-311.

8

perpetuation of evidence before an action has been filed through deposition under Md. Rule 2-412, production of documents under Md. Rule 2-422, or mental or physical examination under Md. Rule 2-423. Md. Rule 2-404(a)(2). "Evidence perpetuated in accordance with the requirements of this section may be used in any court in any action involving the same subject matter and against any person served with a notice, request, or motion in the manner provided by . . . this Rule." Md. Rule 2-404(a)(6).

We held in *Webb v. Joyce Real Estate, Inc.*, 108 Md. App. 512, 526 (1996), that Md. Rule 2-422 does not authorize a circuit court to grant entry onto property owned by a nonparty. Because Md. Rule 2-404 allows perpetuation of evidence by "request for production of documents required by Rule 2-422[,]" Md. Rule 2-404 does not authorize this action to perpetuate evidence, as Franklin is not a party in the companion suit. Moreover, Md. Rule 2-404 allows for perpetuation of evidence either "before action instituted" or "pending appeal" ― the action before us does not fit either of those categories. Lastly, because the evidence of lead paint would not be used "against any person served with [the] request . . . in the manner provided by . . . this Rule[,]" Md. Rule 2-404 would not authorize this action because Johnson has admitted that Franklin would not be named in the companion case. It, therefore, could not be used against her.

Johnson, in this case through his pleading, sought a pure bill of discovery because he only began this action to discover facts, not to seek some other relief, which is not provided for in any particular Maryland Rule. *See Stokes*, 141 Md. App. at 223-25 (allowing for an equitable remedy of a bill of discovery, even though it is not authorized pursuant to the Maryland Rules). Although Johnson did not title his pleading a

9

"complaint for a pure bill of discovery," we can discern that he sought one based on his citation to *Stokes* and reference to an "equitable bill of discovery" as his only requested remedy.

Even though the word "complaint" is found in the title, it is not the type of complaint contemplated by the Maryland Rules, because it is a vehicle used only for discovery and is not a cause of action, which is required in a typical complaint. *See* Md. Rule 2-305 (requiring that a pleading set forth "the facts necessary to constitute a cause of action"). We, thus, accept that Johnson filed his complaint for the purpose of initiating a pure bill of discovery, not to institute a civil action against Franklin, even though a complaint was filed. *See* Md. Rule 2-101 (explaining that a "civil action is commenced by filing a complaint"). Indeed, it is more akin to a request because Johnson sought discovery by inspection. *See* Md. Rule 2-422 (noting that inspection is requested by the parties). Although we said that Md. Rule 2-422 would not give Johnson relief, it is the closest form of discovery to a pure bill of discovery contained in the Maryland Rules. *See id.* (allowing for inspection of property of parties). This resolves whether Johnson's complaint for an equitable bill of discovery was a true "complaint," or could be termed something else, but it does not resolve whether summary judgment is an appropriate resolution or reveal what our standard of review should be.

Johnson avers that the circuit court erred by denying him summary judgment and denying his complaint without granting Franklin "summary judgment, formally[.]" In arguing that summary judgment was an appropriate disposition of this case, Johnson relies on Franklin's failure to respond to his discovery requests that he propounded on

Franklin after initiating this suit. Because of Franklin's failure to respond to his requests for admissions, Johnson argues that there was no genuine dispute of material fact because, pursuant to Md. Rule 2-424(b), all of the facts at issue were admitted by Franklin. Johnson contends that, although no evidentiary hearing was held, he met his burden of proof because of the admissions of Franklin.

We return to the history of a pure bill of discovery for guidance. As we said in *Stokes*, Maryland does not have a "provision allowing for non-party . . . inspection[,]" and a pure bill of discovery is an equitable remedy. *Stokes*, 141 Md. App. at 219, 223 (footnote omitted). As we opined previously, a pure bill of discovery seeks only to discover facts. *See Pottetti*, 150 A.2d at 210-11. Notably, "[a]n equitable bill of discovery is the only way for [Johnson] to obtain the information [he] need[s]." *Stokes*, 141 Md. App. at 226; *see also* Md. Rule 2-401, *et seq.* (allowing for discovery in a civil action).

As we said in *Stokes*:

> The parties are entitled to an evidentiary hearing at which appellants must prove by a preponderance of the evidence that (1) what they seek to discover is material and necessary for proof of the other action already brought; (2) appellants have no other adequate means of obtaining discovery of the essential information; (3) appellants' right of access to the premises outweighs the privacy rights of both the owner and the occupants of the property; and (4) issuance of an equitable bill of discovery will not impose an unreasonable hardship upon the owner or upon any occupant of the property.

*Stokes*, 141 Md. App. at 226-28 (citations and footnotes omitted).

Resultantly, we agree with the circuit court's ruling that "this type of pleading is not appropriate for Summary Judgment . . . , just sort of a grant or den[ial] of the petition

11

or request." Under *Stokes*, the parties are entitled to an evidentiary hearing on the facts of the case. *Stokes*, 141 Md. App. at 228. In this case, Franklin did not waive her right to a hearing, and she was present for the hearing, at which time she contested the granting of Johnson's request. Where, as here, the determination cannot be made as a matter of law, the entry of a summary judgment is inappropriate.[5]

Finally, despite Johnson's claim, an evidentiary hearing did take place. At the hearing, the circuit court examined Franklin, who appeared *pro se*:

> THE COURT:    . . . And so tell the Court if you will, how you feel about having someone come into your house and do this test, even though they are saying that it is going to be short and quick.
>
> MS. FRANKLIN:    I said — I said no, because I had already had it done.
>
> THE COURT:    Mm-hmm.
>
> MS. FRANKLIN:    So there's no reason. If the State and the Federal government accept it, why can't they?
>
> THE COURT:    Okay. And in terms of them coming into your house, you just don't want them?

---

[5] Assuming, for the sake of argument, that the court could dispose of this case by way of a motion for summary judgment, what was presented to the court by way of admission of facts do not begin to address the factors required to be considered by *Stokes*, as they are inconclusive and inconsistent. *See Stokes*, 141 Md. App. at 226-28 (listing the four factors). Moreover, the admissions did not go to the "truth of any relevant matters of fact" but, instead, went to legal conclusions, which is beyond what requests for admissions can accomplish. Md. Rule 2-424 (describing what a party may request the other party admit via a request for admissions). Finally, because no party offered the requests for admissions into evidence, they were not a part of the record of the evidentiary hearing. *See* Md. Rule 2-516 ("All exhibits marked for identification, whether or not offered in evidence and, if offered, whether or not admitted, shall form part of the record").

12

MS. FRANKLIN:    Right.

The court held an evidentiary hearing because it accepted evidence in the form of testimony by Franklin.  Thus, the court complied with the requirement of an evidentiary hearing of *Stokes* by doing more than only hearing arguments.[6]

Because we have settled what a bill of discovery is and how you can obtain one, we turn now to what is the proper standard of review.  Johnson argues that we should review the case *de novo* because the case was disposed of by summary judgment.  However, as we have discussed, Johnson's bill of discovery was not disposed of by summary judgment; accordingly, we decline to accept Johnson's position.

Notably, "[p]ure bills of discovery are favored in equity[.]"  *Peyton*, 11 A.2d at 803.  "[B]ecause a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion."  *Estate of Bochicchio*, 46 A.3d at 241 n.2; *see also Peyton*, 11 A.2d at 803 (pure bills of discovery "are sustained in all cases"); *Pottetti*, 150 A.2d at 211 ("In passing upon the bill, the court exercises a discretionary power").  We, thus, review the circuit court's denial of Johnson's pure bill of discovery under an abuse of discretion standard.[7]

---

[6] Even though we hold that an evidentiary hearing did take place, we caution the circuit court to not examine witnesses without first swearing them in.  *See* Md. Rule 5-603 (requiring a witness to make an oath or affirmation before testifying).

[7] We recognize that there are limits to a litigant's right to discovery — it "does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action."  *Peyton*, 11 A.2d at 803; *see also Pottetti*, 150 A.2d at 211 ("The right to a discovery, however, does not extend to all material facts but only to those which pertain to a party's cause of action or defense.  Discovery cannot be used to pry[.]").

13

We have said that "abuse may be found when the court acts without reference to any guiding rules or principles[.]" *Wilson-X v. Dep't of Human Res.*, 403 Md. 667, 677 (2008) (quoting *Touzeau v. Deffinbaugh*, 394 Md. 654, 669 (2006)); *see also In re Adoption/Guardianship No. 3598*, 347 Md. 295, 312 (1997); *Nace v. Miller*, 201 Md. App. 54, 77 (2011); *Cobrand v. Adventist Healthcare, Inc.*, 149 Md. App. 431, 437 (2003); *North v. North*, 102 Md. App. 1, 13 (1994). A failure to consider the proper legal standard in reaching a decision constitutes an abuse of discretion. *Aventis Pasteur, Inc. v. Shevofilax*, 396 Md. 405, 433 (2001); *see also Ehrlich v. Perez*, 394 Md. 691, 708 (2006) ("even with respect to a discretionary matter, a trial court must exercise its discretion in accordance with correct legal standards") (citation omitted). Still, when we apply this standard, "[a] trial judge is presumed to know the law and to apply it properly, and the mere failure by the chancellor to articulate the reasons for his decision does not prevent us from affirming that decision on appeal." *Fox v. Fox*, 85 Md. App. 448, 463 (1991). When a circuit court mentions only one factor to be considered in a multi-factor test for granting relief, it "does not mean that he ignored the other factors." *Id.* "In such a case, we can look to the record as a whole to garner support for the chancellor's decision." *Id.* (citing *Rogers v. Rogers*, 80 Md. App. 575, 591 (1989)).

We enumerate again what the circuit court must consider when determining whether a pure equitable bill of discovery should be issued:

> The parties are entitled to an evidentiary hearing at which appellants must prove by a preponderance of the evidence that (1) what they seek to discover is material and necessary for proof of the other action already brought; (2) appellants have no other adequate means of obtaining discovery of the essential information; (3) appellants' right of access to the

14

premises outweighs the privacy rights of both the owner and the occupants of the property; and (4) issuance of an equitable bill of discovery will not impose an unreasonable hardship upon the owner or upon any occupant of the property.

*Stokes*, 141 Md. App. at 226-28 (citations and footnotes omitted). *Stokes* gives an inclusive set of factors a court evaluating a bill of discovery must consider.

Our review of the record does not support a finding that the circuit court was aware of or considered all of the *Stokes* factors. In this case, the circuit court stated the issue it "has to weigh is obviously [Franklin's] personal privacy and inconvenience." The circuit court questioned Franklin only as to this factor. As a part of its order, the court made findings to only whether Johnson's right of access to the premises outweighs the privacy rights of Franklin. During the hearing, no mention was made as to the other three factors required by *Stokes*. After reviewing the record as a whole, we cannot find support for the premise that the circuit court considered all of the factors unique to a bill of discovery request. Therefore, the court abused its discretion in denying Johnson's bill of discovery by failing to consider the correct legal standard. Accordingly, we vacate the judgment and remand the case to the circuit court for proceedings not inconsistent with this opinion.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**

15